356 So.2d 4 (1977)
Vera JONES, a/k/a Vera Jane Jones, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2355.
District Court of Appeal of Florida, Fourth District.
July 26, 1977.
Rehearing Denied September 27, 1977.
*5 Sheldon M. Schapiro, Stone & Schapiro, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
The defendant entered a plea of nolo contendere to the charge of manslaughter, reserving the right to appeal the denial of her motion to suppress confession, and the question whether a minimum three-year mandatory sentence pursuant to Section 775.087(2), Florida Statutes (1975), is required for the crime of manslaughter. The trial court adjudged the defendant guilty and sentenced her to serve seven years, but stayed four years of the sentence and placed the defendant on probation for the remainder of the term. The sentence included the words, "mandatory minimum 3 yr. sentence, F.S. 775.087(2)". We affirm the conviction, but vacate the sentence and remand for resentencing.
We find no error in the trial court's denial of defendant's motion to suppress. She was adequately and fully informed of her rights, including her right to have an attorney present during questioning, even though these rights were not given verbatim as set forth in Miranda. State v. Craig, 237 So.2d 737 (Fla. 1970); Alvord v. State, 322 So.2d 533 (Fla. 1975).
The next issue is whether manslaughter is included under Section 775.087(2), which prescribes a mandatory minimum three years' imprisonment before the defendant is eligible for parole for certain enumerated crimes if the perpetrator had a firearm in his possession. We have previously held that if a defendant is not convicted of one of the crimes set forth in Section 775.087(2), he may not be sentenced under this statute. Brewer v. State, 343 So.2d 628 (Fla. 4th DCA 1977). The statute lists "any murder" but does not include manslaughter. The State argues it was the intent of the Legislature that manslaughter be included; it contends that since manslaughter is a lesser included crime of murder, it is included. We reject this contention. There is a logical reason not to include manslaughter within the category of "any murder". Manslaughter includes killing by "culpable negligence", which does not require intent. Section 782.02, Florida Statutes (1975). Although crimes with less serious consequences than death are included in Section 775.087(2), they are crimes which include the element of intent. Since manslaughter can be committed through negligence, without intent, the Legislature may have intended to exclude it from the term "any murder" and the other offenses enumerated in the statute.
At the very least it may be said that the statute is ambiguous. The rule is that such statutes must be strictly construed, and when the language is susceptible of different constructions it must be construed most favorably to the accused. Section 775.021(1), Florida Statutes (1975); see also State v. Buchanan, 191 So.2d 33 (Fla. 1966). We hold that manslaughter, the offense for which appellant was convicted, is not included in the enumerated offenses under Section 775.087(2).
In the present case, the split sentence imposed by the trial court is not excessive in that the maximum sentence for manslaughter is fifteen years. Nor did the sentence violate the terms of the negotiated plea, that the court sentence the defendant to a minimum of three years but no more than seven. The only error in the sentence is that the trial court erroneously invoked Section 775.087(2). Accordingly defendant's conviction is affirmed, her sentence is vacated, and the case is remanded with instructions that the trial court resentence the defendant in a manner not inconsistent with this opinion.
AFFIRMED and REMANDED with instructions.
CROSS and DAUKSCH, JJ., concur.

ON PETITION FOR REHEARING
ALDERMAN, Chief Judge.
Appellee submits that the court misconstrued its position when we said that "it *6 contends that since manslaughter is a lesser included crime of murder, it is included." The State says that it made no such contention and acknowledges that just because a crime is a lesser included offense of one of the crimes enumerated in Section 775.087(2), does not and cannot raise the magnitude of that crime to the level of one that is included under that statute. The State concedes that a conviction of such lesser included offense would not require the minimum three-year mandatory sentence.
The State argues, however, if a crime enumerated in Section 775.087(2) is a lesser included offense of manslaughter, then manslaughter is included with the provisions of that statute. In the present case, the State contends that the defendant, having been adjudged guilty of manslaughter, is also guilty of aggravated assault, a necessarily included lesser offense of the crime of manslaughter. It concludes, since aggravated assault is one of the enumerated crimes in Section 775.087(2), that the minimum three-year mandatory sentence is applicable to a manslaughter conviction.
We reject this contention. If the legislature had intended to include manslaughter in Section 775.087(2), it would have been a simple matter for it to include this offense among those enumerated. As we previously stated, at the very least the statute is ambiguous and as such must be construed most favorably to the accused.
The Petition for Rehearing is Denied.
CROSS and DAUKSCH, JJ., concur.