ANSTEAD, Judge,
dissenting:
It is uncontradicted in this case that the appellant has, by written contract, transferred to a named licensed physician “full and complete control and supervision over the medical and sterile procedures to be followed” in appellant’s tattoo studio. Having done so I do not believe the appellant can be denied an occupational license on the grounds that he is doing business in violation of section 877.04’s prohibition of tattooing except by physicians or dentists or those acting under their direction. I believe this provision is ambiguous and that, since it is a penal statute the violation of which constitutes a misdemeanor, we are obligated to liberally construe the statute in favor of the appellant, the alleged violator of the statute. § 775.021, Fla.Stat. (1979); Jones v. State, 356 So.2d 4 (Fla. 4th DCA 1977). As the Florida Supreme Court has stated:
The statute requires that tattoo artists work subject to the direction of a licensed physician or dentist as defined by the act.
Golden v. McCarty, 337 So.2d 388, 391 (Fla.1976). As noted, it is undisputed here that the appellant, a tattoo artist, does work subject to the direction of a licensed physician. That physician has testified that, in addition to the directions and instructions he provides the appellant as to proper tattooing procedures, the physician also visits the studio some 42 times annually to ensure that proper tattooing procedures are being followed. The legislature has not mandated that all tattooing be done “in the presence of a physician” as the Third District and the majority have held. I think the legislature intended by the enactment of section 877.04 to require that a physician be responsible for the procedures utilized by *927 tattoo artists. In this case it is undisputed that a physician is responsible.
There are many procedures that are carried out under the direction of physicians that do not require the physical presence of the physician. Indeed, most medical personnel act under the direction of physicians in almost all of the procedures they perform on people. I do not believe we should construe section 877.04 to require the physical presence of a physician without an express indication from the legislature that such was intended. For example, section 463.-002(5), Florida Statutes (1979) does specifically require the presence of an optometrist when certain optometry functions are performed by support personnel. Section 877.-04 contains no such mandate. Indeed, the legislature has authorized the practice of accupuncture without statutorily requiring any supervision by physicians. See Chapter 389, Fla.Stat. (1981).
In addition, if the legislature had intended to completely prohibit tattooing except for bona fide medical reasons, as the Florida Supreme Court pointed out in Golden is the case in New York, such prohibition could easily have been accomplished by the use of the same clear language utilized by the New York legislature discussed in Golden.