GRIMES, Acting Chief Judge.
This is an appeal from sentences imposed under the sentencing guidelines, Florida Rule of Criminal Procedure 3.701.
On March 5, 1984, appellant pled guilty to delivery of cannabis (count I) and delivery of cocaine (count II). On April 6, 1984, appellant appeared for sentencing. He scored 103 points on the sentencing guidelines scoresheet, which called for a recommended sentence of community control or twelve to thirty months incarceration. Fla. R.Crim.P. 3.988(g). The court sentenced appellant to thirty months incarceration for count I and fifteen years probation for count II, the sentences to run concurrently. As to count II, the court also ordered appellant to pay a $5,000 fine upon his release from prison. The court gave no indication of intending to impose a sentence outside the recommended range of the guidelines.
On appeal, appellant first argues that the total sanction authorized within the guideline range was no more than thirty months imprisonment. Therefore, the fifteen year concurrent term of probation imposed for count II was impermissible in the absence of an authorized departure from the recommended sentence. We find appellant’s position to be correct. At the time he was sentenced, the committee note *592 to rule 3.701(d)(12) stated that “If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.” While neither of appellant’s sentences standing alone was a split sentence, rule 3.701(d)(12) provides that even though separate sentences should be imposed for each offense, the total sentence cannot exceed the guidelines without written explanation.
In this case the maximum guideline range for appellant’s offenses was thirty months incarceration; appellant’s total sentence of thirty months incarceration plus fifteen years probation exceeds that range. While appellant’s sentences may have been permissible if appropriate written reasons were provided for departure, no such reasons were given by the trial court, and the sentences must be reversed. Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984); Hanabury v. State, 459 So.2d 1113 (Fla. 4th DCA 1984). See also Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984).
The note to rule 3.701(d)(12) has now been amended to provide that the limit on the total sanction is “the term provided by general law,” not the “maximum guideline range.” The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (Fla.1984). The effective date of the amendment was July 1, 1984. Chapter 84-328, Laws of Florida. However, the amended rule cannot be applied retroactively. Walker v. State; Roux v. State.
The appellant’s second point, that the trial court erred in imposing a fine in addition to the other forms of punishment, is without merit. Fines are a valuable adjunct to incarceration and were part of the general sentencing scheme in Florida prior to the enactment of the sentencing guidelines. The fact that fines were not mentioned in rule 3.701 as originally adopted does not mean that the imposition of fines was precluded by the guidelines.
Accordingly, the appellant’s sentences are reversed, and the cause remanded for resentencing consistent with this opinion.
SCHOONOVER and FRANK, JJ., concur.