498 So.2d 557 (1986)
Patrick J. MORGANTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0338.
District Court of Appeal of Florida, Fourth District.
November 26, 1986.
*558 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant seeks reversal of orders denying his motion to suppress evidence, revoking his probation, sentencing him as an habitual offender, and imposing costs.
The Hollywood police were called to investigate a disturbance at the Pizza King restaurant. Restaurant patrons told the officers that the four men involved in the disturbance had just left the building and were getting into their car. The officers saw appellant and his three companions in a car parked in the restaurant's parking lot. The officers checked the identification of the men and arrested two of them on outstanding felony warrants. When one of the officers received information that appellant may have been involved in a DEA shooting incident some years ago, the officers ordered him to submit to a weapons search. Appellant threw a rolled dollar bill to the ground as he turned toward the car. The police determined that the dollar bill contained PCP residue.
The Department of Corrections charged appellant with violation of his probation by: possession of PCP, a controlled substance; failure to pay $40 in supervision costs; failure to submit to an evaluation for substance abuse treatment; and failure to pay $80 towards his public defender fee. Appellant contends that the trial court erred when it denied his motion to suppress the dollar bill containing PCP residue and revoked his probation; when it sentenced him to thirty years in prison as an habitual offender; and when it taxed costs against him of $200 pursuant to section 27.3455 and $17 pursuant to sections 960.20 and 943.25, Florida Statutes (1985).
We are satisfied that the record contains sufficient evidence to support the trial court's order denying appellant's motion to suppress. The police did not order appellant to submit to a weapons search until after they learned that two of appellant's companions had outstanding felony warrants and that appellant may have been involved in a DEA shooting. These facts furnished a reasonable basis for the police officers' fear for their safety and justified their order directing appellant to submit to a weapons search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We also note that the police did not discover the dollar bill containing the PCP residue during the search of appellant's person. The police discovered it because appellant removed the dollar bill from his pocket and dropped it to the ground in an attempt to conceal his possession of it. We find no error in the trial judge's denial of appellant's *559 motion to suppress and subsequent revocation of his probation.
However, the trial court's written order of revocation of probation did not conform to its oral pronouncement. The trial judge announced that he was revoking appellant's probation based only on the charge of possession of PCP, a controlled substance. His written order recites all of the charges contained in the charging affidavit as the basis for revocation. Therefore, we remand this cause to the trial court with instructions to correct the order by striking the violations for failure to pay costs of supervision, failure to submit to evaluation for counseling and for failure to pay the public defender's fee. See Robinson v. State, 468 So.2d 1106 (Fla. 2d DCA 1985); Towson v. State, 382 So.2d 870 (Fla. 5th DCA 1980).
When the trial court sentenced appellant as an habitual offender, a conflict existed among the district courts of appeal concerning the relationship between the sentencing guidelines and the habitual offender statute.[1] The supreme court recently resolved this conflict in Whitehead v. State, 498 So.2d 863 (Fla. 1986):
In determining the continued viability of the habitual offender statute in light of the subsequently enacted sentencing guidelines, we recognize that we must attempt to preserve both statutes by reconciling their provisions, if possible. See State v. Digman, 294 So.2d 325 (Fla. 1974). We find that we cannot do so. In order to retain the habitual offender statute, we would have to conclude that either the sentencing guidelines are not applicable to "statutory" habitual offenders (i.e., those defendants whom the state seeks to punish pursuant to the specific provisions of section 775.084, Florida Statutes), or, if applicable, that the habitual offender statute may be used in and of itself as a legitimate reason to depart from the guidelines. We can find no logical support for either proposition.
Therefore we reverse the trial court's sentence under the habitual offender statute and remand this cause to the trial court with directions to resentence appellant as provided in the sentencing guidelines, Florida Rule of Criminal Procedure 3.701.
Next appellant argues that the trial court erred when it imposed $200 in costs against him pursuant to section 27.3455, Florida Statutes (1985) and when it assessed $17 in other costs pursuant to sections 960.20 and 943.25, Florida Statutes (1985). In Signorelli v. State, 491 So.2d 349 (Fla. 4th DCA 1986), we cited Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986) and held that application of section 27.3455 to a crime occurring prior to the effective date of the statute constituted a violation of the ex post facto clause. We reverse the order taxing $200 costs because appellant was charged with a crime that occurred before the effective date of section 27.3455. However, as we did in Signorelli v. State, we again certify to the Supreme Court of Florida as being a question of great public importance, the following:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985), TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA. 1955).
We also vacate the assessment of the $17 cost because the trial court failed to afford appellant notice and a hearing. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
In summary, we affirm the order denying appellant's motion to dismiss and the *560 order revoking his probation based upon his possession of PCP, a controlled substance. We direct the trial court to delete from the order revoking probation the following reasons for revocation: appellant's failure to pay supervision costs, failure to submit to an evaluation for substance abuse treatment, and failure to pay $80 towards his public defender's fee. We reverse the order imposing costs in the amount of $200 pursuant to section 27.3455. We also reverse the order assessing $17 costs pursuant to sections 960.20 and 943.25 without prejudice to the state to seek imposition of those costs after appropriate notice and hearing as provided in Jenkins v. State.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986); Hale v. State, 490 So.2d 122 (Fla. 2d DCA 1986).