RYDER, Judge.
Beahn appeals his convictions and sentences for grand theft and home solicitation sale violation. Two of the five points appellant raises on appeal have merit.
Appellant was convicted of one count of grand theft, a third degree felony, and one count of home solicitation sale violation, a second degree misdemeanor. The guidelines scoresheet recommended a presumptive sentence of three-and-one-half to four- and-one-half years in prison. The trial court sentenced appellant as an habitual felon and as an habitual misdemeanant. Appellant was given six-and-one-half year concurrent terms on both offenses.
Because of a recent Florida Supreme Court, case setting forth guidance which the trial judge did not have benefit of at the time of sentencing, we must vacate both sentences. The habitual offender statute is not a legitimate reason to depart from the sentencing guidelines. Whitehead v. State, 498 So.2d 863 (Fla.1986). The habitual offender statute provides an enhanced penalty based on consideration of a defendant’s prior criminal record and a factual finding that the defendant poses a danger to society. The supreme court writes, in Whitehead, that the guidelines take into account both of these considerations. The trial court must resentence the appellant within the sentencing guidelines unless the trial court states valid written reasons for departure.
We must also remand for correction of the court’s written judgment which facially indicates that appellant was convicted of two felonies when he actually was con *16 victed of a third degree felony and a second degree misdemeanor. The judgment must be corrected to show appellant’s true conviction.
Affirmed in part, vacated in part and remanded with instructions.
GRIMES, A.C.J., and SCHEB, J., concur.