FRANK, Associate Judge.
The appellant, William Eniser Slay, was charged in a two-count information with sexual battery and kidnapping. Following a jury trial, in which he was convicted of sexual battery and the lesser included offense of false imprisonment, the trial court sentenced Slay to thirty years on the sexual battery count and ten years on the false imprisonment count, the sentences to run consecutively. The guidelines range was seven to nine years. The trial court departed from the presumptive sentence based upon the habitual offender statute, section 775.084, Florida Statutes (1986).
Slay asserts that the trial court committed seven errors in the conduct of the trial and an error in the sentencing. We have considered the points urged by Slay and with the exception noted below find each meritless. Slay was sentenced on May 30, 1986, several months prior to the supreme court’s determination in Whitehead v. State, 498 So.2d 863 (Fla.1986), that the habitual offender statute may not be used as a basis for enhancing a guidelines sentence.
Accordingly, we affirm Slay’s conviction but remand this matter for resentencing. The trial court is not, however, barred from imposing a departure sentence based upon reasons which are valid. Smith v. State, 503 So.2d 457 (Fla. 2d DCA 1987).
ERVIN and WIGGINTON, JJ., concur.