510 So.2d 1182 (1987)
Patrick Joseph MORGANTI, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0312.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
*1183 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
WEBSTER, PETER D., Associate Judge.
Appellant, convicted of robbery after a plea of nolo contendere, appeals his sentence.
Initially, in April 1985, the trial court placed appellant on probation for two years. In July 1985, appellant was charged with having violated the conditions of his probation. A probation revocation hearing was held, and the trial court concluded that appellant had violated the conditions of his probation. After an additional hearing, the trial court concluded that appellant was "an Habitual Felony Offender pursuant to § 775.084, Florida Statutes"; entered a written order to that effect; and, based upon that conclusion, departed from the presumptive Guidelines sentence, sentencing appellant to thirty years in prison on January 27, 1986. Appellant appealed both the conviction and the sentence to this Court.
On January 27, 1986, when the trial court entered the departure sentence based upon appellant's status as an habitual offender, this Court had not yet ruled on the propriety of that reason as a basis for departure from the Guidelines. However, three other Districts had, and all had held that it was a valid reason for departure. See, e.g., Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984); Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985). We presume that the trial court was familiar with, and relied upon, these decisions when it departed from the Guidelines based upon appellant's status as an habitual offender. Moreover, on July 16, 1986, while appellant's appeal was pending, this Court decided Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986), in which it also held that habitual offender status was a valid reason for departure from the Guidelines.
However, on October 30, 1986, also while appellant's appeal was pending, the Supreme Court reversed the decision of the First District in Whitehead, holding that habitual offender status is not a valid reason for departure from the Guidelines. Whitehead v. State, 498 So.2d 863 (Fla. 1986). On November 26, 1986, this Court affirmed appellant's conviction, but reversed the sentence based upon Whitehead, and remanded. Morganti v. State, 498 So.2d 557 (Fla. 4th DCA 1986), approved, 509 So.2d 929 (Fla. 1987).
On remand, the trial court again departed from the Guidelines, stating as its reasons that appellant had violated his probation within 92 days of having been placed on probation, after having been incarcerated for thirteen months; and that the violations consisted of possession of PCP, a dangerous controlled substance, and of failing to submit to an evaluation for counseling or for placement in an appropriate rehabilitation program, as ordered. This time, however, appellant was sentenced to only fifteen years, rather than to thirty.
On this appeal, appellant does not challenge the propriety of the reasons given for departure. Rather, his sole point is that, because the only reason originally given for departure was found on appeal to be invalid, on remand the trial court was required to sentence appellant "either within the recommended guidelines range or within the next higher cell." On the peculiar facts of this case, we disagree.
*1184 In support of his argument, appellant relies upon three cases  Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987); Williams v. State, 492 So.2d 1308 (Fla. 1986); and Carter v. State, 485 So.2d 1292 (Fla. 4th DCA 1986). It is true that all three cases involved departure sentences and that in all three cases there was a remand for resentencing within the Guidelines. However, we find none of these cases helpful because they do not address the peculiar situation presented by this case.
Here, unlike any of the cases relied upon by appellant, the sole reason originally given for departure had been held valid by every appellate court that had considered the question at the time the sentence was imposed. Here, there were clearly other reasons existing at the time of the original sentence which would have justified departure. We do not believe it unfair or farfetched to presume that the trial court did not include those additional reasons the first time it sentenced appellant because it believed, relying upon the appellate decisions on point, that the reason given would be legally sufficient to support the departure sentence.
In addition, it is difficult for us to see how appellant has been harmed by the trial court's actions. Clearly, the latest departure sentence would have been sustained had the trial court imposed it initially, citing the same reasons. We fail to see why the fact that a reason for departure, approved by every appellate court which had at the time considered it, is subsequently found invalid by the Supreme Court should have the effect of precluding the trial court from imposing an otherwise lawful sentence. To so conclude would amount to a classic case of elevation of form over substance.
We are not the first court to consider this issue. The First District has, in several decisions, reached the same result we reach. Brooks v. State, 509 So.2d 364 (Fla. 1st DCA 1987); Slay v. State, 508 So.2d 1268 (Fla. 1st DCA 1987); Avery v. State, 506 So.2d 1149 (Fla. 1st DCA 1987); Avery v. State, 505 So.2d 596 (Fla. 1st DCA 1987); Johnson v. State, 503 So.2d 959 (Fla. 1st DCA 1987). The Second District appears also to have reached the same result. Smith v. State, 503 So.2d 457 (Fla. 2d DCA 1987); Brewer v. State, 502 So.2d 1367 (Fla. 2d DCA 1987); Donahue v. State, 502 So.2d 57 (Fla. 2d DCA 1987); Beahn v. State, 502 So.2d 15 (Fla. 2d DCA 1986). The same also appears to be true with regard to the Fifth District. Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987). Only the Third District, without specifically addressing the issue, has held that, in such a case, the sentence on remand must be within the Guidelines. Deliford v. State, 505 So.2d 523 (Fla. 3d DCA 1987); Albury v. State, 503 So.2d 460 (Fla. 3d DCA 1987).
While we believe that an affirmance is appropriate, we note that the problem created by this case could have been avoided had the trial court listed all of its reasons for departure in its original order. We believe that such represents the better practice and, therefore, recommend that, in the future, trial courts within this District list all of the reasons on which they base their decision to depart from the Guidelines.
Finally, because of the importance of the issue and the frequency with which it has arisen (and is likely to arise in the future), we certify the following question to the Supreme Court as one of great public importance:
Whether, when the sole reason initially given for departure from the Guidelines was held to be valid by appellate courts at the time of sentencing but is subsequently held invalid by the Supreme Court, the trial court may on remand again depart from the Guidelines, if the new reasons given existed at the time of the original sentencing and are valid reasons for departure.
For the foregoing reasons, the sentence appealed is AFFIRMED.
GUNTHER and STONE, JJ., concur.