513 So.2d 1367 (1987)
Michael Denard SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-485.
District Court of Appeal of Florida, First District.
October 22, 1987.
*1368 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, and Neal Osiason, Legal Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Michael Denard Smith appeals the sentence for his conviction of possession of cocaine. He argues that the trial court abused its discretion when it ordered as a condition of his probation that he abstain from drinking any alcoholic beverages. We affirm.
In April, 1986, a police officer observed appellant drop a hypodermic syringe, needle and a shoelace on the floor of a building in Tallahassee. Smith had punctured a hole on the top of his hand which was bleeding and he admitted to the officer that there was cocaine in the syringe and he had just taken the injection. Smith was originally charged with delivery of cocaine, but he agreed to a plea bargain with the state whereby he would identify his source in exchange for a plea of no contest to the possession of cocaine and a sentence of three years probation.
The conditions of Smith's probation were: (1) that he not indulge in any drugs and submit to random urinalysis, and (2) that he abstain from drinking any alcohol. The second condition was imposed in spite of a strong defense objection and is the issue challenged on appeal.
Probation conditions must be reasonably related to the offense and should provide a standard of conduct essential to the probationer's rehabilitation in addition to the protection of the public. "By his or her conviction, the probationer has already demonstrated a need for supervised control". Grubbs v. State, 373 So.2d 905, 909 (Fla. 1979). Also, under Florida law the trial court is vested with broad discretionary authority to grant probation and to set the terms thereof. See section 948.03 Florida Statutes (1985); Dearth v. State, 390 So.2d 108, 110 (Fla. 4th DCA 1980). Further, the trial court's determination is subject only to the test of reasonableness, and the defendant's consent to the terms of probation, if they are reasonable, is not material to their legality. Id.
This court has stated that:
In determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid if it bears no relationship to the crime for which the probationer was convicted, relates to conduct which itself is not criminal and requires or forbids conduct which is not reasonably related to future criminality.
Howland v. State, 420 So.2d 918, 919 (Fla. 1st DCA 1982), citing Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). The state has argued that the "no alcohol" condition of probation is reasonable in light of appellant's history of substance abuse. The trial judge specifically addressed this point when he stated, "You sound like from reading your presentence report, you've got enough problems here that if you get involved in alcohol, it may lead you to this other stuff, too". And after defense counsel's objection to the condition, the court stated, "Well, I'm not going to lift it because I believe that with the problems he has, if he starts on that it's going to trigger off something else. I will reset this, if you like, and set it for trial". Appellant's counsel replied that they would rather stand by the plea.
The trial court specifically considered the impact of the "no alcohol" condition on appellant's chances of successfully completing his probation, and we find that, although alcohol consumption is not illegal, the court could reasonably conclude that appellant might come to rely on or use alcohol as an intoxicant to excess as a substitute for the illegal drugs he had been abusing, or while under the influence of alcohol, succumb to his desires to abuse illegal drugs. In light of the above, we did *1369 not find appellant's argument persuasive that the condition prohibiting alcohol consumption was intended as punishment. See also Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977), where the district court found that the probation condition forbidding defendant to use intoxicants or visit places where intoxicants are sold, was not inconsistent, unreasonable or unlawful with respect to defendant's conviction for issuing worthless checks.
Accordingly, appellant's conviction and sentence are affirmed.
SMITH, C.J., and WENTWORTH, J., concur.