524 So.2d 641 (1988)
Patrick Joseph MORGANTI, Petitioner,
v.
STATE of Florida, Respondent.
No. 71126.
Supreme Court of Florida.
April 28, 1988.
Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Morganti v. State, 510 So.2d 1182, 1184 (Fla. 4th DCA 1987), which certified the following question of great public importance:
Whether, when the sole reason initially given for departure from the Guidelines was held to be valid by appellate courts at the time of sentencing but is subsequently held invalid by the Supreme Court, the trial court may on remand again depart from the Guidelines, if the new reasons given existed at the time of *642 the original sentencing and are valid reasons for departure.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We have answered the question in the negative in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), and today reaffirm that holding. Accordingly, the opinion below is quashed and this cause is remanded for proceedings consistent with Shull. Because no valid reasons remain for the departure sentence in this instance, the district court on remand shall direct that petitioner be sentenced within the guidelines.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.