STONE, Judge.
This is a third appeal from sentences imposed following a violation of probation. The previously reversed sentences were for thirty and fifteen years incarceration. Morganti v. State, 498 So.2d 557 (Fla. 4th DCA 1986), approved, 509 So.2d 929 (1987); Morganti v. State, 524 So.2d 641 (Fla.1988). Here, the sentence was a term of five and one-half years (5V2) in prison and a ten thousand dollar ($10,000) fine followed by eighteen (18) months additional probation. Appellant was also directed to pay the fine as a condition of probation. The presumptive guideline sentencing range is 5V2 to 7 years.
The appellant contests the imposition of a fine for the first time upon resentencing, contending that it constitutes an impermissible enhancement of his sentence. Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). He also contends that the trial court may not impose a term of probation over the defendant’s objection. See Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974); Dearth v. State, 390 So.2d 108 (Fla. 4th DCA 1980).
The imposition of a fine for the first time upon a resentencing, where the defendant has rejected a previously imposed longer term of incarceration, does not constitute an abuse of discretion, nor is it an unconstitutional penalty, forbidden under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969). Cf. Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987). We also considered Lambert v. State, 545 So.2d 838 (Fla.1989) and Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989) and deem them inapposite. We note that the record is silent as to why the fine was not initially imposed. However, it is not unreasonable to consider that this was related to the length of the initial terms of incarceration and the fact that the initial longer sentences were not coupled with a successive period of probation. Additionally, the imposition of the fine is not a deviation from the sentencing guidelines. Cf. Whiteman v. State, 465 So.2d 591 (Fla. 2d DCA 1985).
The probation portion of the sentence imposed was a lawful sentence. Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989); Evans v. State, 544 So.2d 1160 (Fla. 5th DCA 1989). We have considered Brown v. State and Dearth v. State and do not read these cases to require that the consent of a defendant be obtained as a prerequisite to a term of probation rather than a fixed period of incarceration. We also note that those cases predated the sentencing guidelines and therefore did not consider the role that probation and successive probation may now play in the guideline sentencing scheme.
The judgment and sentence are affirmed. However, we certify the following question to the supreme court:
WHETHER THE IMPOSITION OF A FINE FOR THE FIRST TIME ON A RESENTENCING MUST CONSTITUTE AN UNCONSTITUTIONAL ENHANCEMENT OF SENTENCE.
WALDEN, J., concurs.
LETTS, J., dissents with opinion.