LETTS, Judge,
dissenting in part.
I concur with the majority that a defendant does not have the right to reject probation and elect incarceration. However, I agree with the defendant that the $10,000 fine constituted an enhanced sentence.
*595 When we, for the second time, remanded this case for resentencing within the guidelines (Morganti v. State, 510 So.2d 1182 (Fla. 4th DCA 1987), rev’d, 524 So.2d 641 (Fla.1988)), the trial judge complied in all respects except that he tacked on a $10,000 fine. The state cites several cases which have held that a fine is not an impermissible enhancement. However, the Supreme Court of Florida has not yet ruled on this issue in the context of resentencing.
The guidelines do not address the question of fines and, therefore, to impose them may not legally constitute either a departure or an enhancement. However, the assessment of a $10,000 fine, for the first time upon remand for resentencing, would feel very much like an enhancement to me, were I on the receiving end thereof. I notice that a problem, somewhat similar to the one now before us, appeared in the case of Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987).[1] In that case, the district court certified a question, the answer to which might have controlled the outcome here. However, the supreme court was never called on to answer that question. I am glad the majority has agreed to certify the question.

. See also Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988), especially the dissent by T. Zehmer, with which I agree.