STONE, Judge.
We affirm the judgment and sentence except as to costs. The defendant received a sentence of five years incarceration on one count and ten years on another. However, after serving the first thirty months incarceration, he was to be on concurrent probation for a balance of 2⅛⅛ and 5 years respectively. This constitutes a “true” split sentence. Poore v. State, 531 So.2d 161 (Fla.1988). In the event defendant should violate, he cannot be resen-tenced to a term, including time served, in excess of the original sentence imposed. Franklin v. State, 545 So.2d 851 (Fla.1989). The sentencing guideline range for these offenses is 12 to 30 months.
The appellant asserts that the sentence is a deviation from the guidelines because the “suspended” probationary period in a “true” split sentence should be computed along with the initial period of incarceration as a total period of assessed confinement. However, even in a true split sentence, only the initial period designated for incarceration is computed in determining whether the sentence exceeds the guidelines. See Morris v. State, 532 So.2d 1116 (Fla. 5th DCA 1988); Fla.R.Crim.P. 3.701(d)(11, 12). See also Tyner v. State, 545 So.2d 961 (Fla. 2d DCA 1989); Williams v. State, 538 So.2d 541 (Fla. 1st DCA 1989).
Neither Poore nor Franklin support a conclusion that the length of the term of incarceration and of probation should be treated differently in a “true” split sentence than in a “probationary” split sentence. To hold otherwise would discourage trial courts from imposing a *416 “true” split sentence and deprive defendants of the benefit of its fixed maximum limit of incarceration even in the event of a probation violation. There is no reason to assume that a trial court, in the event of a subsequent probation violation, would improperly impose a sentence in excess of the total permitted by law.
We also find no error in the order imposing restitution as a condition of probation. However, we reverse the sentence as to the invalid assessment of costs without notice, waiver or hearing. Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984). On remand, the court may either strike the costs or hold a hearing.
LETTS and WALDEN, JJ., concur.