573 So.2d 820 (1991)
Patrick Joseph MORGANTI, Petitioner,
v.
STATE of Florida, Respondent.
No. 75940.
Supreme Court of Florida.
January 17, 1991.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
Patrick Joseph Morganti seeks review of Morganti v. State, 557 So.2d 593 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal approved a resentencing which was within the sentencing guidelines, but which imposed for the first time a $10,000 fine. The district court of appeal certified the following question:
WHETHER THE IMPOSITION OF A FINE FOR THE FIRST TIME ON A RESENTENCING MUST CONSTITUTE AN UNCONSTITUTIONAL ENHANCEMENT OF SENTENCE.
Id. at 594. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative, finding that, depending on the circumstances, a fine on resentencing may or may not constitute an enhancement. In this case, we find that there was no unconstitutional enhancement of Morganti's sentence.
*821 This cause has been before us on three occasions. Morganti was first sentenced by the trial court as a habitual offender, receiving a sentence of thirty years in prison. The district court of appeal reversed and remanded, Morganti v. State, 498 So.2d 557 (Fla. 4th DCA 1986), and we approved the district court's decision in State v. Morganti, 509 So.2d 929 (Fla. 1987). On remand, the trial court sentenced Morganti to fifteen years' incarceration. The district court of appeal affirmed, Morganti v. State, 510 So.2d 1182 (Fla. 4th DCA 1987), but we reversed and remanded for resentencing within the guidelines. Morganti v. State, 524 So.2d 641 (Fla. 1988). The sentencing guidelines range for Morganti for this offense was five and one-half to seven years' incarceration. In sentencing Morganti for the third time, the trial judge imposed a sentence of five and one-half years' imprisonment, eighteen months' probation following incarceration, and a $10,000 fine as a condition of probation. The district court rejected Morganti's claim that the imposition of a fine for the first time upon resentencing constituted an impermissible enhancement of his sentence. The district court held:
The imposition of a fine for the first time upon a resentencing, where the defendant has rejected a previously imposed longer term of incarceration, does not constitute an abuse of discretion, nor is it an unconstitutional penalty, forbidden under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. [2072], 23 L.Ed.2d 656 (1969).
557 So.2d at 594.
In this proceeding, Morganti asserts that the $10,000 fine was an unconstitutional increased penalty. He argues that, since the trial court did not impose a fine as part of the first two sentences, the trial court is now prohibited from imposing the fine upon resentencing because any fine would per se amount to an unconstitutional enhancement of his sentence. Morganti further argues that a $10,000 fine is not appropriate, given his financial status, and that the trial court should not have imposed probation over his objection. In North Carolina v. Pearce, 395 U.S. 711, 724-26, 89 S.Ct. 2072, 2080-81, 23 L.Ed.2d 656, 669-70 (1969), the United States Supreme Court stated:
A court is "without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered." ...
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial... .
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
(Quoting Worcester v. Commissioner, 370 F.2d 713, 718 (1st Cir.1966)).
Our reading of Pearce leads us to the conclusion that Morganti's position is without merit. Whenever a cause is remanded for resentencing, the trial judge may impose any lawful sentence, but the judge may not increase the sentence unless such an increase is based on conduct occurring subsequent to the imposition of the first sentence. A lawful sentence may comprise several penalties, such as incarceration, probation, and a fine. Nevertheless, a sentence like the one before us in this case is but one sentence. We must determine whether this third sentence is more severe than the sentence previously imposed on Morganti.
We find that a sentence of five and one-half years' incarceration, eighteen months' probation, and a $10,000 fine is clearly not a more severe sentence than fifteen years' incarceration. We note that *822 the trial judge imposed a period of incarceration in this instance at the lowest end of the sentencing guidelines range, which was five and one-half to seven years. Consequently, we hold that the trial judge could constitutionally impose this sentence on Morganti.
In addition, with regard to the appropriateness of the $10,000 fine and Morganti's claim that the fine was punitive, we find Morganti's arguments unpersuasive since his failure to pay the fine would subject him to incarceration only if the trial court were to determine that he has the ability to pay the fine. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395 (1971). We also reject Morganti's claim that the trial judge was prohibited from imposing a term of probation over his objection. See Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989); Smith v. State, 513 So.2d 1367 (Fla. 1st DCA 1987); Dearth v. State, 390 So.2d 108 (Fla. 4th DCA 1980). We note that these two additional claims are now moot since the sentencing judge vacated the $10,000 fine and terminated Morganti's probation subsequent to our accepting jurisdiction. However, we retained jurisdiction in order to answer the certified question.
For the reasons expressed, we answer the certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and McDONALD, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
Imposition of a $10,000 fine for the first time upon a second resentencing, in my view, is an enhanced penalty which contravenes double jeopardy and due process principles as delineated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Accordingly, I dissent.