582 So.2d 751 (1991)
Rodney WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-649.
District Court of Appeal of Florida, Fifth District.
July 11, 1991.
*752 James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty., Daytona Beach, for appellee.
HARRIS, Judge.
Rodney Wood appeals an amended sentence, entered after the defendant prevailed on a Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence, on the basis that the trial court improperly increased his sentence after the defendant's initial sentence was vacated.
The defendant pled guilty to one count of manslaughter with a firearm (§ 782.07 and § 775.087(1), Fla. Stat.) (Count I) and one count of use of a firearm during the commission of a felony (§ 790.07(2), Fla. Stat.) (Count II). The defendant was sentenced to 15 years incarceration with a three year mandatory minimum on Count I followed by 10 years probation on Count II.
The defendant moved for Rule 3.800 post-conviction relief contending (1) the convictions for both manslaughter, enhanced due to the use of a firearm, and for the use of a firearm in the commission of a felony violated the defendant's double jeopardy rights, and (2) manslaughter is not an enumerated felony under the statute which prescribes a mandatory minimum three years imprisonment.
The defendant's 3.800 motion was granted on the basis that the convictions for the firearms offense and manslaughter with a firearm violated the defendant's double jeopardy rights[1] and the three year mandatory minimum sentence was improperly applied to the manslaughter sentence.[2] The sentence on Count II was vacated and the trial court entered an amended sentence on Count I striking the 3 year mandatory minimum and sentencing the defendant to 14 years incarceration followed by 10 years probation. The issue before us is whether the trial court erred in resentencing the defendant by reducing the incarceration period from 15 to 14 years but adding a new 10 years probation period. Wood contends that the new sentence is "more severe" than the original sentence and is precluded by North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree and affirm.
An analysis of Pearce is required. In Pearce the court considered three constitutional challenges to the enhanced sentence: (1) equal protection (convicts not appealing are not subjected to the possibility of an enhanced sentence); (2) double jeopardy; and (3) fourteenth amendment due process rights. The majority specifically rejected the equal protection and the double jeopardy arguments. The court upheld the reversal of the increased sentence in Pearce on due process grounds only and then only because vindictiveness was present (or presumed).[3] The court stated:
"To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.
It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to *753 follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside.
And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to "chill the exercise of basic constitutional rights." [Citations omitted.] But even if the first conviction has been set aside for nonconstitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law. "A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the right of the defendant" ...
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial...
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.
395 U.S. at 723-26, 89 S.Ct. at 2079-81. While Justices Douglas and Marshall urged that the court go further and hold, on double jeopardy grounds, that no increase in sentence should ever be permitted, this was not the holding of the court. This is made abundantly clear by Chief Justice Rehnquist writing for the majority in Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204-05, 104 L.Ed.2d 865, 872 (1989):
While the Pearce opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." [Citation omitted.] As we explained in Texas v. McCullough, [475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986)] "the evil the [Pearce] court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." See also Chaffin v. Stynchcombe, 412 U.S. 17, 25, 36 L.Ed.2d 714, 93 S.Ct. 1977 [1982] (1973) (the Pearce presumption was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against vindictiveness in the resentencing process"). Because the Pearce presumption "may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct," [citation omitted] we have limited its application, like that of "other `judicially created means of effectuating the rights secured by the [Constitution],'" to circumstances "where its `objectives are thought most efficaciously served,'" Texas v. McCullough, supra [475 U.S.], at 138, 89 L.Ed.2d 104, 106 S.Ct. 976 [at 979], quoting Stone v. Powell, 428 U.S. 465, 482, 487, 49 L.Ed.2d 1067, 96 S.Ct. 3037 [3046-47, 3049] (1976). Such circumstances are those in which there is a "reasonable likelihood," [citation omitted] that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness. See Wasman v. United States, 468 U.S. 559, 569, 82 L.Ed.2d 424, 104 S.Ct. 3217 [3223] (1984).
Although Justice Stewart in the majority opinion in Pearce speaks of concern about chilling the convict's right of appeal, he does so only in the context of the existence of a punitive, vindictive policy of sentencing harsher in order to punish the convict for a successful appeal.
As stated in United States v. Pimienta-Redondo, 874 F.2d 9, 12-14 (1st Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989):
It is important that the Pearce principle not be blown out of proportion. Pearce *754 does not flatly prohibit resentencing, or even enhancement of sentence, after the accused has taken an appeal ... rather, the presumption envisioned in Pearce arises "only in cases in which a reasonable likelihood of vindictiveness exists."
* * * * * *
When the sentencing judge's motivation cannot be called fairly into question, there is no need to indulge in the conjecture, and run the risks, which the Pearce presumption necessarily entails. Absent proof of an improper motive  or some sound reason to suspect the existence of one  no reasonable apprehension of vindictiveness can flourish. Accordingly, on resentencing, if it is reasonably clear that the judge reshaped the impost merely as a means of bringing original sentencing intentions to fruition after some new development has intervened, a need for employing the Pearce presumption never arises. Stated in different terms, there must be some evidence of actual, or at least apparent, vindictive motivation before a due process violation can be claimed.
It is apparent that because of the violent nature of the offense, the trial judge was interested in a sentencing plan which included incarceration and probation. Unfortunately he placed incarceration on one count and probation on a second count even though he could have originally combined incarceration and probation on each count. When the conviction for the second count was determined to be improper and resentencing on the first count was required, the trial judge still desired post-release supervision of the defendant. At resentencing, the trial judge reduced the previously ordered incarceration and substituted a new requirement for probation.[4] Ten years probation (i.e. the possibility of future incarceration) is not, as a matter of law, more severe than the one year definite incarceration it replaces. In such a case all aspects of the sentencings  both original and present  must be examined in order to determine if the Pearce presumption comes into play. The fact that the original total sentence was less than the guideline maximum and well within the statutory maximum and the fact that the new sentence is consistent with the original sentencing plan and that the court actually reduced the compulsory incarceration in order to provide post-release supervision are relevant considerations in determining whether vindictiveness is present. The new sentence does not demonstrate that Wood was punished more severely for successfully appealing his original sentence. Morganti v. State, 573 So.2d 820 (Fla. 1991). And even if more severe, there is no "apparent" vindictiveness which brings the Pearce presumption into play.
AFFIRMED.
GOSHORN, C.J., and DAUKSCH, COBB, W. SHARP, PETERSON and GRIFFIN, JJ., concur.
DIAMANTIS, J., concurs specially with opinion.
COWART, J., dissents without opinion.
DIAMANTIS, Judge, concurring specially.
I concur in the result of the majority opinion. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) requires a two-step analysis. First, has the defendant's sentence been enhanced after a successful appeal and, second, is such enhancement "motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights." Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984).
In the instant case, on resentencing the defendant's sentence on count I was changed from 15 years to 14 years but the trial court added a term of 10 years consecutive probation, which was the probationary *755 period of count II. I conclude that this sentence imposed on count I is more severe. Because defendant was not sentenced as an habitual offender he is entitled to basic gain time of 10 days a month plus up to 20 days of incentive gain time.[1] In no way would defendant serve the fifteenth or last year of his original sentence. Consequently, when the trial court reduced defendant's sentence from 15 to 14 years and added a term of 10 years probation, this resentencing constituted a more severe sentence. In reality, because of gain time, the defendant is now subject to longer state supervision than on the original sentence.
Also, it should be noted that if the trial court had merely added 10 years probation to the original 15-year sentence on count I, the trial court may have run afoul of our holding in Pilgrim v. State, 516 So.2d 75 (Fla. 5th DCA 1987). However, Pilgrim involved resentencing on a single charge in one case after two prior sentences in that case were vacated in two prior separate appeals.
I agree, however, with the majority's conclusion that the trial court's resentencing of defendant was not motivated by any actual vindictiveness but instead was motivated by the trial court's desire to maintain its original sentencing plan. See U.S. v. Busic, 639 F.2d 940 (3d Cir.1981). In Busic, the federal court stated:
When the defendants successfully appealed their conviction ... and obtained reversals, the court's sentencing plan based on the aggregate convictions .. . was thwarted. In such a case, where the sentences were interdependent, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal. (footnote omitted).
Busic, 639 F.2d at 947. I reach this conclusion regardless of whether the "Pearce presumption of vindictiveness" is applied. The Pearce presumption is only applicable when "the likelihood of vindictiveness" is "pronounced." See Wasman, 104 S.Ct. at 3220-3224 for a discussion of the cases, both applying and not applying this presumption. Wasman applied the Pearce presumption to the situation where there is a greater sentence on retrial of a defendant but found that the trial court adequately explained that the greater sentence was based on defendant's additional conviction in another case between the time of the original trial and retrial. In Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court refused to apply the Pearce presumption to the situation where the defendant, after he pleads guilty and receives a certain sentence, successfully withdraws his plea and goes to trial and is then convicted and receives a greater sentence because the sentencing judge, after trial, necessarily has more available sentencing information than after a guilty plea.
Here, the original aggregate sentence was 15 years incarceration for count I followed by 10 years probation for count II, while the new sentence on count I is now 14 years incarceration followed by 10 years probation. In resentencing the defendant the trial court merely imposed the aggregate sentence that it originally intended to impose. In this situation the likelihood of vindictiveness is not pronounced and the Pearce presumption is inapplicable. However, even if I were to apply the Pearce presumption, I would conclude from the record that the trial court's clear purpose was to resentence the defendant to basically the same original aggregate sentence. This amply rebuts any presumption of vindictiveness.
Further, I do not believe that the resentencing in this case runs afoul of Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), cert. denied Florida v. Fasenmyer, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985). In Fasenmyer, the district court reduced the severity of a criminal conviction to a lesser offense and ordered the trial court to resentence the defendant on only that offense, without disturbing the other convictions and sentences. The Florida Supreme Court held that the trial court could not change the sentences previously *756 imposed on the other undisturbed convictions and sentences:
We conclude that the concept of aggregate sentencing on interdependent offenses as it relates to a trial court's desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court.
Fasenmyer, 457 So.2d at 1366. In Fasenmyer the Florida Supreme Court distinguished Busic on the ground that in Busic the federal appellate court vacated the sentence on the other offense while in Fasenmyer the appellate court left the other convictions and sentences undisturbed. Thus, the court in Fasenmyer declined to address the issue in Busic and observed that the federal decisions are not in complete harmony regarding the Busic principle of "aggregate" sentencing. In the instant case, the defendant moved to vacate both his sentences on counts I and II and was successful. The sentence in count I was vacated because the trial court imposed an illegal mandatory minimum sentence. Count II was vacated on double jeopardy grounds which precluded resentencing on this count. Therefore, having vacated the sentences the trial court was free to resentence the defendant on count I and to reimpose its original aggregate sentencing plan which, in essence, was what the trial court did.
NOTES
[1] Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla. 1989). See also, Hall v. State, 517 So.2d 678 (Fla. 1988); Hancock v. State, 559 So.2d 1307 (Fla. 5th DCA 1990); Kelly v. State, 552 So.2d 1140 (Fla. 5th DCA 1989); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
[2] See, Jones v. State, 356 So.2d 4 (Fla. 4th DCA 1977).
[3] It should be noted that neither the case involving Pearce nor the case involving Rice (both consolidated in the Pearce decision) relate to the specific issue before this court. Pearce involved a single count and Rice involved a greatly increased sentence for three counts than was originally announced for four. In the case at bar, the trial court imposed the initial sentence (slightly reduced) announced for two counts when he resentenced only for one count.
[4] Such reduction of incarceration, however, does not appear to be required in order to justify the addition of probation. See United States v. Vontsteen, 910 F.2d 187, 194 (5th Cir.), reh. granted, 919 F.2d 957 (1990): "The court's authority to retrofit a sentence for multicount convictions after some are affirmed, and others are reversed looms as an integral component of the trial judge's broad sentencing discretion."
[1] Section 944.275, Fla. Stat. (1989).