619 So.2d 463 (1993)
Manuel REGUEIRO, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2210.
District Court of Appeal of Florida, Fourth District.
June 9, 1993.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
This appeal arises from an order entered in a resentencing proceeding following remand from an earlier appeal.
Appellant Manuel Regueiro was convicted of second degree murder with a firearm, aggravated assault and attempted shooting *464 into a building. Those convictions were affirmed, although the corresponding sentences were reversed with this court noting that the trial court had the option of sentencing appellant as an adult since he had been indicted for certain offenses and convicted of lesser included offenses. See Regueiro v. State, 596 So.2d 175 (Fla. 4th DCA 1992).
Originally appellant was sentenced on count I, twenty-two years in prison with a three year minimum mandatory for the firearm; and on counts II & III, 5 years in prison each to run concurrent with each other and with count I. On remand the trial court resentenced appellant as follows: count I, twenty-two years in prison with five of those years stayed and another five years on probation following the completion of the seventeen years in prison; count II, five years probation to run consecutive to the sentences on counts I and III; and count III, five years probation to run consecutive to the sentences on counts I and II.
Appellant asserts that his resentence of two consecutive terms of five years of probation after his prison sentence of seventeen years is an enhancement of his original total sentence and thus is a violation of due process and double jeopardy. Accordingly, the first question on appeal is whether the resentence of seventeen years in prison with fifteen years of consecutive terms of probation is an enhancement of the original sentence of twenty-two years in prison with two concurrent five-year prison terms concurrent with the twenty-two year term.
Appellant is correct in his first assertion that once a person begins serving a lawfully imposed sentence, he cannot be resentenced for an increased term of incarceration on the same facts. E.g., Ruffin v. State, 589 So.2d 403, 404 (Fla. 5th DCA 1991); Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991); Royal v. State, 389 So.2d 696 (Fla.2d DCA 1980). Appellant also cites North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), modified, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), to support his contention that a defendant may not be resentenced to a harsher sentence upon remand simply because he exercised his right to appeal and have his conviction set aside.
In Pearce, the Supreme Court held that due process rights may be violated where a defendant's resentence upon remand is harsher than the original sentence imposed. 395 U.S. at 723-26, 89 S.Ct. at 2079-81. The purpose behind that holding in Pearce was the Court's concern with a trial court acting out of vindictiveness towards the defendant simply because he sought to have the conviction and sentence overruled. 395 U.S. at 724-26, 89 S.Ct. at 2080-81.
In determining whether Pearce applies to a case, a court should look to (1) the resentence and whether it was enhanced after a successful appeal, and if so, (2) whether the enhancement was motivated by actual vindictiveness toward the defendant because of the appeal. Id. It has been held that Pearce does not apply in every case where a convicted defendant receives a harsher resentence upon retrial. See, e.g., Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204-06, 104 L.Ed.2d 865 (1989) (no presumption of vindictiveness arises where sentence imposed after trial was greater than that previously imposed after guilty plea); Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986) (Pearce sought to prevent the vindictiveness of a sentencing judge and not the imposition of enlarged sentence after a new trial); United States v. Pimienta-Redondo, 874 F.2d 9, 12-14 (1st Cir.). (Pearce presumption arises only in cases where there is a reasonable actual likelihood that vindictiveness exists), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989).
In a case similar to the instant one, Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991), the defendant appealed his resentence on the ground that the trial court improperly increased it upon remand. Initially, Wood was sentenced to fifteen years in prison with a three-year minimum mandatory for count I to be followed by ten *465 years probation for count II. His subsequent rule 3.800 motion was granted after the court found that part of the conviction for count I and the entire conviction for count II violated Wood's due process rights. Id. at 752.
Upon remand to the trial court, the ten year probation sentence was vacated for count II where that conviction was struck, and for count I, the fifteen year prison term was reduced to a fourteen year prison term with the addition of a ten year probation period. On appeal from that resentence, the Fifth District analyzed the purpose behind the Pearce presumption, and held: "Ten years probation (i.e. the possibility of future incarceration) is not, as a matter of law, more severe than the one year definite incarceration it replaces." 582 So.2d at 754. The court stated that in such cases where the original and second sentences differ, courts should examine both the original and the subsequent sentences to determine whether Pearce even enters the review. Id. The factors that the Wood court took into consideration included the fact that the new sentence was consistent with the original sentencing plan, and that the trial court reduced the number of compulsory years of incarceration in order to provide a period of probation. Id.
Similarly, in the instant case, there is a combination of probation and prison time in the resentence which provides a greater amount of probation and a lesser amount of prison time than the original sentence. Nevertheless, appellant argues that this combination is an improper enhancement of his original sentence despite the fact that the combination allows him to be released from prison five years earlier.
Both parties in the instant case cite Morganti v. State, 573 So.2d 820 (Fla. 1991), wherein the defendant was resentenced twice. His original sentence was 30 years in prison as a habitual offender, his first resentence was 15 years in prison, and his second resentence was 5.5 years in prison, 18 months probation following the prison term, and a $10,000 fine. 573 So.2d at 821. On appeal from that second resentence, the defendant contested the fine as an unconstitutional enhancement of his original sentence. Id.
After an examination of Pearce, the Florida Supreme Court held that a trial judge may impose any lawful sentence upon resentencing, but may not increase the original sentence unless it is based on conduct occurring subsequent to the imposition of the first sentence. 573 So.2d at 821. The court further held that a lawful sentence can comprise several penalties, including prison time, probation and a fine. Id. The court determined that Morganti's second resentence of five and one-half years imprisonment, eighteen months probation, and a $10,000 fine clearly was not more severe than his first resentence of fifteen years in prison. Id. at 821-22. See also Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987) (imposition of costs of probation was not an enhancement on resentencing despite the fact that original sentence did not have probation term); but see Kirkland v. State, 575 So.2d 1315 (Fla.2d DCA 1991) (increase in amount of restitution is an impermissible enhancement of original sentence despite the fact that resentence was a legal sentence).
The supreme court in Morganti did not rule on the issue of whether a prison term combined with a probation term may be longer than the original sentence of only a prison term, although it did "reject Morganti's claim that the trial judge was prohibited from imposing a term of probation over his objection." 573 So.2d at 822.
Relying on the Wood case where the Fifth District held, albeit without other citation, that ten years probation  as a matter of law  is not more severe than the one year of incarceration, we likewise conclude that appellant's resentence is not a harsher penalty than his first sentence where he has five years less of definite incarceration.
Next, it must be determined whether the subject resentence is a "lawful sentence." We first note that trial courts are authorized to use split sentences, consisting of an incarcerative term followed by a probationary term. See Glass v. State, 574 So.2d 1099, 1102 (Fla. 1991). There are restrictions, *466 however, on the maximum periods to which a court may sentence a defendant, with respect to the length of both the incarcerative term and the total term, which is the probationary term and the incarcerative term combined. See Fla. R.Crim.P. 3.701(d)(12); see also Smith v. State, 584 So.2d 154 (Fla.2d DCA 1991).
In relevant part, the Sentencing Guidelines Commission Notes for the 1988 amendments to Florida Rule of Criminal Procedure 3.701(d)(12) provide the following:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
Thus, only the incarcerative portion of a split sentence may not exceed the guidelines maximum; in contrast, the total sentence (incarceration and probation) may not exceed the statutory maximum. McCray v. State, 599 So.2d 281 (Fla. 3d DCA 1992); Mitchell v. State, 573 So.2d 446, 447 (Fla. 2d DCA 1991); Weidner v. State, 559 So.2d 705 (Fla. 4th DCA 1990); Reid v. State, 565 So.2d 415 (Fla. 4th DCA 1990); Saint v. State, 562 So.2d 866 (Fla.3d DCA 1990); Tyner v. State, 545 So.2d 961, 963 (Fla.2d DCA 1989); Putt v. State, 527 So.2d 914 (Fla. 3d DCA 1988).
In the instant case, the total sanction is thirty-two years with seventeen years incarceration and fifteen years probation. Appellant was resentenced to twenty-two years in prison with five years stayed and another five years on probation for count I; five years probation for count II; and, five years probation for count III, all to run consecutive of each other. Appellant's primary conviction was count I murder in the second degree. Murder in the second degree constitutes a felony of the first degree, which is punishable by imprisonment for a term of years not exceeding life, or as provided by sections 775.082, 775.083, or 775.084. See § 782.04(2), Fla. Stat. (1991).
Thus, in the context of this issue, appellant's seventeen-year incarcerative term cannot exceed the guideline maximum, and appellant's thirty-three-year total sanction cannot exceed the maximum provided by general law. First, the guidelines maximum in the instant case is twenty-two years where appellant scored a total of 224 points on the guidelines' scoresheet. See Fla.R.Crim.P. 3.988(a). The seventeen-year term does not exceed the guideline maximum of twenty-two years.
Second, general law provides punishment for a felony of the first degree by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment. § 775.08(3)(b), Fla. Stat. (1991). This case does provide specifically by section 782.04(2) for appellant to receive a term of imprisonment not exceeding life where he was convicted of murder in the second degree. Thus, the thirty-three-year total sanction term does not exceed the statutory maximum, which is, in this case, a term not exceeding life. Cf. Tyner v. State, 545 So.2d 961, 963 (Fla. 2d DCA 1989) (combined total sanction of 12 year prison term to be followed by probation for life did not exceed statutory maximum of life imprisonment); Wilson v. State, 596 So.2d 775, 779-80 (Fla. 1st DCA 1992) (sentences for sixteen counts totaling 105 years was permissible and did not exceed guideline maximum of life).
The other two offenses of which appellant was convicted were count II aggravated assault & count III attempted shooting into a dwelling. Both are felonies in the third degree, and general law provides for a prison term not exceeding 5 years for each. See § 775.082(3)(d) Fla. Stat. (1991); see also §§ 784.021(2), 790.19 & 777.04(4)(c), Fla. Stat. (1991). Appellant received five years consecutive probation for each offense, so those sentences do not exceed the statutory nor the guideline maximum.
We therefore affirm.
ANSTEAD and WARNER, JJ., concur.