550 So.2d 79 (1989)
Michael T. CALLAHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03176.
District Court of Appeal of Florida, Second District.
September 13, 1989.
*80 James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Acting Chief Judge.
The appellant, Michael Callahan, was convicted of sale or delivery of a controlled substance, sentenced to twelve months in the county jail, nine months of jail sentence suspended, followed by a three-year term of probation. Callahan challenges the condition of his probation suspending his driver's license for five years. We reverse and remand for correction of the sentence.
Callahan contends that a trial court does not have the authority to revoke or suspend a driver's license except in such instances where a defendant is convicted of driving under the influence or any other offense regulating the operation of a motor vehicle as specified under sections 322.28(2)(a) and 322.27(2), Florida Statutes (1987).
We agree with Callahan that under chapter 322 as it existed at the time Callahan committed his offense,[1] the trial court was without the authority to suspend Callahan's driver's license. Therefore, we reverse and remand for correction of the sentence. On remand the trial court may establish as a condition of probation that Callahan not drive during his term of probation. Moreland v. State, 442 So.2d 1002 (Fla. 2d DCA 1983).
Callahan further contends that the condition suspending his driver's license must in some way be related to the offense. We cannot tell from the record whether Callahan utilized a motor vehicle in the commission of this crime, but since he did not object to the condition, he did not preserve the issue for our review. See McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985).
Even though the 1987 version of chapter 322 limits the power of the trial court to suspend drivers' licenses, section 322.27(2), Florida Statutes (1987), provides that the trial court may direct the Department of Highway Safety and Motor Vehicles to suspend a driver's license, "when the court feels that the seriousness of the offense and the circumstances surrounding the conviction warrant the suspension of the licensee's driving privileges."
Therefore, we affirm Callahan's judgment, but remand for correction of the sentence to reflect that as a condition of probation Callahan may not drive for the term of probation. If the trial court deems it proper, it may direct the department to suspend Callahan's license for the term of the sentence.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] As of October 1, 1987, the sentencing court may direct the department to revoke for a period of up to two years the driver's license or driving privilege of any person adjudicated guilty or delinquent of any violation of section 893 involving any substance listed in sections 893.03(1) or (2). § 322.055(1), Fla. Stat. (1987).