554 So.2d 1226 (1990)
Victoria Lynn BLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00728.
District Court of Appeal of Florida, Second District.
January 5, 1990.
James Marion Moorman, Public Defender, Bartow, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Victoria Blair was adjudged guilty of possession of cocaine. The trial judge placed appellant on three years' probation with the following as a condition of probation: "Your drivers [sic] license will be revoked for a period of thirty-six (36) months... ."
Section 322.055(1), Florida Statutes (1987) authorizes the sentencing court to direct the Department of Highway Safety and Motor Vehicles to revoke for a period of up to two years a driver's license of a person adjudged guilty of possession of cocaine. The trial court itself, however, is without authority to suspend appellant's driver's license and should have directed the Department to do so. See Ruise v. State, 552 So.2d 270 (Fla. 1st DCA 1989). Further, the three-year revocation exceeded the statutory two-year limit.
The trial judge may order as a condition of probation that appellant not drive a motor vehicle during the term of probation [three years], see Moreland v. State, 442 So.2d 1002 (Fla. 2d DCA 1983), if the court finds that condition to be reasonably related to the offense. See Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
Accordingly, we remand this case for correction of the sentence to reflect that the Department of Highway Safety and Motor Vehicles is directed to revoke appellant's driver's license for a period of two years and, if appropriate, for the condition of probation to be changed to prohibit appellant from driving during the term of probation.
Remanded for correction of sentence.
CAMPBELL, C.J., and RYDER, J., concur.