DAUKSCH, Judge.
This is an appeal from three criminal cases which were consolidated for sentencing. Appellant was placed on five years probation for four forgery-related offenses. His probation was later revoked and he was adjudicated guilty as to each offense. With the one cell increase for violation of probation, appellant’s guideline range was community control or 12-30 months incarceration. See Rule 3.701(d)(14), Florida Rules of Criminal Procedure. He was sentenced to concurrent terms of thirty months incarceration for two offenses (Case No. 88-450) to be followed by concurrent terms of five years probation for the other two offenses (Case Nos. 88-451 and 88-452).
Appellant completed his sentences in Case No. 88-450 and was released on probation. He again violated his probation and it was revoked. Appellant was again adjudicated guilty[1] and sentenced to concurrent terms of 3¾⅛ years incarceration for one offense in Case No. 88-450 and the offense in Case No. 88-451. His probation was reimposed in Case No. 88-452.
The trial court erred by imposing a new sentence for the offense in Case No. 88-450 because appellant had already completed a thirty month sentence for that offense. Furthermore, the 3½ year sentence in Case No. 88-451 exceeded the bump-up range of community control or 12-30 months incarceration. The guidelines do not permit a two-cell increase upon a second violation of probation. See Denegal v. State, 562 So.2d 828 (Fla. 5th DCA 1990); Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990). Appellant has already completed the maximum incarceration available under the guidelines. .
The sentences in Case Nos. 88-450 and 88-451 are vacated. The probation term in Case No. 88-452 is affirmed, although we note that further probation appears to be unenforceable since current guideline procedure permits no additional incarceration in the event of a violation. The judgment rendered after the second revocation of probation is superfluous and hereby stricken. See, supra, note 1.
JUDGMENT STRICKEN; SENTENCES VACATED.
GOSHORN and GRIFFIN, JJ., concur.

. Although not raised on appeal, appellant should not have been convicted twice for the same offenses,