SHIVERS, Chief Judge.
Gibson is an indigent who was adjudged guilty in two cases which were consolidated for trial. The trial court departed from the guidelines for three reasons. Two reasons were found invalid by this court in Gibson v. State, 519 So.2d 756 (Fla. 1st DCA 1988). In answer to a certified question from this court, the supreme court found the third reason invalid in Gibson v. State, 553 So.2d 701 (Fla.1989).
At resentencing Gibson was sentenced within the guidelines. At the sentencing hearing the trial court asked the prosecutor what Gibson’s appeal cost the county and told Gibson “you ought to pay the freight on it.” The trial court added two five hundred dollar fines to the sentence and said, “I’m taking into account what [the appeal] has cost the county.”
Gibson argues on appeal that the trial court cannot make him pay the cost of its own errors. An indigent defendant has a constitutional right to “have his court costs, including the cost of his transcript, paid for by the government....” State v. Byrd, 378 So.2d 1231, 1232 (Fla.1979) (citing Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)). Imposing a penalty upon a defendant for successfully appealing an unlawful sentence is a violation of due process of law. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Gibson acknowledges the fines are within the amount authorized by statute and there would be no appealable issue if the court had not announced its reasons for the fines. Gibson argues, however, if unconstitutional reasons are articulated, reversal is required. E.g., Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979).
We find that since the trial court did not provide the statutory authority for the imposition of the fines in the order or at the sentencing hearing, the fines must be stricken. Daniels v. State, 524 So.2d 1165 (Fla. 2d DCA 1988). We also find that Gibson’s argument is sound, and we strike the fines with prejudice to the trial court’s ability to reimpose them. The remainder of Gibson’s judgment and sentence is affirmed.
WIGGINTON and MINER, JJ., concur.