589 So.2d 390 (1991)
Joseph POTTGEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3587.
District Court of Appeal of Florida, First District.
November 13, 1991.
*391 Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his conviction of disturbing the contents of a grave in violation of section 872.02, Florida Statutes. We reverse and remand for a new trial.
Appellant was charged with disturbing the contents of the grave of Steven Glen Morgan sometime in late December 1989. When Morgan's body was discovered in a wooded area on May 11, 1990, a videotape was made at the discovery site. The videotape, which we have viewed, shows in great detail the decaying, animal-ravaged remains of a body lying in a wooded area. During the course of the videotape, the remains are shown from different angles and are maneuvered to show various identifying features. No evidence was presented to implicate appellant in the disposal of the body.
Appellant cites error in the trial court's admission of the videotape over his objection below that the tape is not only irrelevant to the crime charged but is also inflammatory and prejudicial. The state countered, and the trial judge agreed, that the tape is relevant to the issue of identity of the body even though appellant offered to stipulate to the identity of the discovered body as that of Morgan. Further, a sheriff's investigator testified at trial that the clothing found on the body met the description of the clothes reportedly worn by Morgan when he was buried. He also identified other characteristics of the body which proved identification and stated that the body was positively identified as Morgan's.
We find that the showing of this videotape to the jury was error of sufficient magnitude to require reversal and remand for a new trial. Due to the highly inflammatory nature of the contents of the tape and to the fact that substantial other reliable evidence of the undisputed identity of the body was offered, even if the identity of Morgan's body were relevant to the issue of appellant's guilt of the crime charged in this case, its admissibility would be questionable since even "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Section 90.403, Florida Statutes. However, under the circumstances of this case where the disposal of the body was not an integral element of the proof of guilt, we find that the identity of the body depicted on the tape is irrelevant to the issue of appellant's guilt or innocence of the crime of tampering with a grave. Thus, the introduction of such graphic, chilling evidence of an irrelevant matter was clearly error.
*392 Appellant also asserts as error the admission after proffer of state witness Fred Day's testimony, which the state asserted was admissible under section 90.608(2), Florida Statutes. That statute provides:
A party calling a witness shall not be allowed to impeach his character, as provided in s. 90.609 or s. 90.610, but, if the witness proves adverse, such party may contradict the witness by other evidence or may prove that the witness has made an inconsistent statement at another time, without regard to whether the party was surprised by the testimony of the witness. (Emphasis supplied.)
On the stand, Day admitted knowing appellant but denied any knowledge of the crime with which appellant was charged. Upon further questioning by the state, he admitted that, in prior inconsistent statements, he had espoused his knowledge of and participation in this crime and even informed authorities that Morgan's body had been used in a satanic ritual which he attended. Although he did implicate others, he did not implicate appellant in any way; but a later witness did testify positively as to appellant's participation in the crime of tampering with the grave. Thus, his testimony, if properly admitted, was relevant to the case.
However, the record does not show that Day was declared to be a witness adverse to the state. Section 90.608(2) provides for the admissibility of a prior inconsistent statement of an adverse witness but makes no provision for the admissibility of a prior inconsistent statement introduced by the party calling the witness when the witness has not been shown to be adverse. We note that the transcript of the proceedings show that an unreported side-bar conference was held concerning the proffer of Day's testimony. If on retrial the state elects to introduce Day's prior inconsistent statements pursuant to section 90.608(2), we caution that the record should reflect a supportable declaration of his status as an adverse witness.
REVERSED and REMANDED for a new trial.
ERVIN and SHIVERS, JJ., concur.