599 So.2d 202 (1992)
Sharon Diane THICKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2044.
District Court of Appeal of Florida, First District.
May 8, 1992.
*203 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
This appeal is taken from the sanctions imposed after the original sentences were vacated, and remanded for resentencing. See Thicklin v. State, 578 So.2d 375 (Fla. 1st DCA 1991) (Thicklin I). Appellant challenges the remand sentencing, contending that she has served the maximum guidelines sentence she could receive in connection with a 1989 case, and the addition of community control and probation to the sentence is unenforceable. Appellant also contests the remand imposition of a fine, costs, community service, and the costs associated with community service. The state agrees the addition of community control to the completed incarcerative portion of appellant's sentence resulted in a sentence in excess of the permitted guidelines range. However, the state asserts the imposition of probation was proper, and notes appellant expressly agreed to the imposition of costs and fines when entering her pleas. We affirm in part, and reverse in part.
In Case No. 88-2390, appellant was convicted of possession of cocaine and drug paraphernalia, and was placed on community control. Subsequently, in Case No. 89-2685, appellant pled nolo contendere to sale of cocaine and, consequently, to violation of her community control from the prior possession conviction. The trial court imposed the following sentences: Case No. 88-2390  5 years of incarceration; Case No. 89-2685  7-1/2 years of incarceration, followed by probation for 7-1/2 years, to be served concurrently with the sentence in Case No. 88-2390. Including the one-cell increase permitted for violation of community control, the maximum guidelines sentence was 4-1/2 years. Therefore, the sentences were vacated and remanded for resentencing within the guidelines, or with the one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)14. Thicklin I, 578 So.2d at 376.
On remand, in Case No. 88-2390, the trial court sentenced appellant to incarceration for 4-1/2 years, awarded credit for time served from March 13, 1990, forward, with "the remainder of her sentence, ... if any, on probation." In Case No. 89-2685, the second degree felony offense of sale of cocaine, appellant was placed on community control for two years, to be followed by a 13-year period of probation. This sentence was to run consecutively to the sentence imposed in Case No. 89-2685. In addition, the trial court directed appellant to pay a statutory fee and costs of $229.00, to perform 1,000 community service hours, to pay $500.00 in costs associated with supervision of community service, to pay $100.00 in costs pursuant to Chapter 893, Florida Statutes, and to pay a fine of $1,000.00. On May 24, 1991, appellant was released from custody in connection with both the 1988 and 1989 concurrent sentences.
Appellant's first argument is directed to the imposition of two years of community control and thirteen years of probation. When imposing a probationary split sentence, the trial court may impose a sentence for any term provided by law, provided the incarcerative portion does not exceed the guidelines range, unless a valid reason for departure exists. If probation is violated, the trial court may sentence to any period of incarceration permitted by the original guidelines range, including the one-cell increase for violation of probation, with credit for time served. Franklin v. *204 State, 545 So.2d 851, 853 (Fla. 1989). No further increase or departure is permitted for any reason. Lambert v. State, 545 So.2d 838, 842 (Fla. 1989).
A combined sanction of incarceration and community control is not an illegal sentence, if the combined sanctions do not exceed the recommended guidelines range of incarceration. Ewing v. State, 526 So.2d 1029, 1030 (Fla. 1st DCA 1988). The Ewing panel concluded that State v. Van-Kooten, 522 So.2d 830 (Fla. 1988), did not require a different result, because Van-Kooten[1] involved sentences combining community control and incarceration for a total period exceeding the maximum guidelines incarcerative period. Cf. Carter v. State, 576 So.2d 934 (Fla. 5th DCA 1991) (sentence of three years incarceration followed by two years of community control reversed where guidelines range, including one-cell increase for violation of community control, was community control or one to 4-1/2 years incarceration, and no departure reasons were given); Peeples v. State, 571 So.2d 86 (Fla. 5th DCA 1990).
Appellant's second argument deals with the allegedly more severe sanctions imposed at resentencing. The two-step analysis set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is applicable, i.e., (1) has the sentence been enhanced after a successful appeal, and (2) was such enhancement "motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights." See Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984).
In Morganti v. State, 573 So.2d 820 (Fla. 1991), in answer to a certified question, the court held that imposition of a fine for the first time upon resentencing may or may not constitute an enhancement, depending upon the facts of the case. Morganti was first sentenced to thirty years as an habitual offender. Upon reversal and remand for resentencing, he was sentenced to a 15-year period of incarceration. The second sentence was reversed for resentencing within the guidelines. The third sentence was 5-1/2 years of incarceration, eighteen months probation, and a $10,000 fine as a condition of probation. The court held the third sentence was not more severe than the sentences previously imposed, within the contemplation of North Carolina v. Pearce, concluding that the several penalties comprising one sentence was "clearly not a more severe sentence than fifteen years' incarceration." 573 So.2d at 821.
A similar North Carolina v. Pearce argument was rejected in Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991). Wood originally was sentenced to fifteen years, with a 3-year minimum mandatory for manslaughter with a firearm, and ten years of probation for use of a firearm during commission of a felony. The sentences were reversed on double jeopardy grounds, and the Count II sentence was vacated. The trial court entered an amended sentence on Count I, striking the 3-year minimum mandatory, and imposed a 14-year sentence followed by ten years of probation. The court found that due to the violent nature of the offense, the trial judge was interested in an extended period of supervision by means of the incarceration and probation. The court held that, as a matter of law, the 10-year probation was not a more severe sentence than the definite incarceration for one year which it replaced.
Application of the reasoning articulated in the foregoing cases to the instant case indicates first, that since appellant has completed the 4-1/2 year maximum incarceration permitted by the guidelines, the imposition of an additional two years of community control constituted an unlawful sentence, and must be reversed. With regard to appellant's claim that imposition of the $1,000 fine was unduly burdensome, we affirm pursuant to Morganti. Finally, appellant's challenge to assessment of costs in connection with the work program must fail. First, no objection was raised at the sentencing hearing to imposition of costs or the fine. Second, the plea, waiver, and *205 consent form signed by appellant states that "Fines and costs shall be within the court's discretion." We construe this provision as an express agreement to pay fines and costs.
Accordingly, the sentences imposed upon remand from Thicklin I are reversed and remanded with directions to resentence appellant. On resentencing, appellant cannot be incarcerated or placed on community control in excess of a total of 4-1/2 years. Appellant must be given credit on the incarcerative period for the 4-1/2 years that already has been served. In addition, the incarceration and/or community control, when combined with the period of probation, cannot exceed the statutory maximum sentence as to each offense.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] In VanKooten, the supreme court construed "community control or incarceration," as mutually exclusive, i.e., the trial court may impose one or the other, but not both.