618 So.2d 737 (1993)
Bobby Clay MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-747.
District Court of Appeal of Florida, First District.
April 12, 1993.
*738 Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Joseph S. Garwood, Asst. Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
JOANOS, Chief Judge.
Appellant seeks rehearing of that portion of the decision issued January 11, 1993, in which we affirmed the two-year suspension of appellant's driver's license as a condition of probation. As grounds for rehearing, appellant notes that the opinion issued in this cause did not cite a specific authority for affirmance of the driver's license suspension. Assuming the affirmance was based on the state's argument that section 948.01(3)(a), Florida Statutes, authorized suspension of a driver's license, appellant urges this provision applies only if community control is the imposed sanction. The state objects to any grant of rehearing, observing correctly that appellant's initial brief contained no reference to the statute he now asserts as the basis for rehearing, and appellant did not file a reply brief addressing the state's argument in support of the suspension of appellant's driver's license.
We are in sympathy with the state's position. Nevertheless, we grant rehearing in part, in order to explain our affirmance of the suspension of a driver's license as a condition of probation, and to articulate the reasons for our reversal of the assessment of additional costs. Therefore, the opinion issued in this cause on January 11, 1993, is withdrawn and the following is substituted therefor.
Appellant, Bobby Clay Martin, appealed two conditions of his probation, which were imposed in connection with his conviction of possession of cocaine and sale of cocaine. Specifically, appellant contended the imposition of $500.00 as costs for participation in the Bay County Work Program is not authorized by statute, and (2) the trial court's suspension of his driver's license was improper, because it was not done in accordance with section 322.055, Florida Statutes. We reverse the assessment of $500.00 as additional costs associated with appellant's participation in the Bay County Work Program, for the reasons set forth below. We affirm the suspension of appellant's driver's license as a condition of probation, but remand for correction of the probation order to reflect the manner in which such suspension is to be effected.
Under the provisions of section 948.09(1), Florida Statutes (1991), the trial court is authorized to require a probationer to pay for the cost of supervision. Section 948.09(1) provides in part:
(1) Any person under ... felony probation, ... shall be required to contribute no less than $40 or more than $50 per month as decided by the sentencing court *739 ... to a court-approved public or private entity providing him with supervision and rehabilitation. Funds collected from felony offenders may be used to offset costs of the Department of Corrections associated with community supervision programs, subject to appropriation by the Legislature.
The final sentence of this provision indicates legislative intent to enable the Department of Corrections to recoup some of the costs of supervision of non-incarcerated offenders. Section 948.51, Florida Statutes (1991), captioned "Community corrections assistance to counties," has as its stated purpose the diversion of nonviolent offenders from the state prison system by punishing with community-based sanctions. § 948.51(1)(a), Fla. Stat. (1991). Section 948.51 outlines the eligibility requirements for county participation in a community corrections partnership contract, and specifies the manner in which such community-based programs shall be funded, i.e., through the Department of Corrections Community Corrections Trust Fund. § 948.51(4)(a) and (8), Fla. Stat. (1991).
An examination of section 948.51 reveals an absence of any provision which could be construed as authorizing the $500.00 assessed against appellant as additional costs for his participation in the Bay County Work Program. Rather, a reading of the statutory provision in its entirety evinces legislative intent that such community-based corrections programs shall be funded by the state, to be effected in part by the assessments authorized pursuant to section 948.09(1). This intent is evident when section 948.51 is read in pari materia with the section 948.09(1) provision that "[f]unds collected from felony offenders may be used to offset costs of the Department of Corrections associated with community supervision programs, subject to appropriation by the Legislature."
In other words, as appellant contends, there appears to be no statutory authority for the additional $500.00 assessed in this case for cost of supervision in the Bay County Work Program. Rather, section 948.09(1), limiting such assessment to no less than $40 and no more than $50 per month, seems to be the overall vehicle by which the Department of Corrections supplements legislative appropriations to fund its programs. In effect, the additional $500.00 which appellant was directed to pay constitutes an unauthorized double assessment for the same purpose.
With regard to the two-year suspension of appellant's driver's license, section 948.01(3)(a), Florida Statutes (1991), provides in part:
(3) If, ... it appears to the court in the case of a felony disposition that probation is an unsuitable dispositional alternative to imprisonment, the court may place the offender in a community control program as provided in s. 948.10... . If this sentencing alternative to incarceration is utilized, the court shall: (a) Determine what community-based sanctions will be imposed in the community control plan. Community-based sanctions may include, but are not limited to, ... revocation or suspension of the driver's license, ...
In the instant case, appellant was sentenced to imprisonment for one offense, and placed on probation with respect to the other offense. The language of section 948.01(3)(a) appears to limit the authority to suspend a driver's license to those cases where community control was imposed in lieu of probation. Nevertheless, section 322.055(1), Florida Statutes,[1] authorizes the *740 sentencing court to direct the Department of Highway Safety and Motor Vehicles to revoke the driving privileges, for a period of two years, of any person convicted of possession or sale of a controlled substance. Such revocation of the driving privilege may be imposed as a condition of probation. See Ruise v. State, 552 So.2d 270 (Fla. 1st DCA 1989); Callahan v. State, 550 So.2d 79 (Fla. 2d DCA 1989).
Accordingly, we remand the appealed probation order, with directions to strike condition thirteen, purporting to assess $500.00 as additional costs associated with appellant's cost of supervision in the Bay County Work Program; and to correct the two-year suspension of appellant's driver's license, to reflect that the Department of Highway Safety and Motor Vehicles is directed to revoke appellant's driving privilege for a period of two years. Alternatively, the trial court may order, as a condition of probation, that appellant not drive a motor vehicle for two years. See Blair v. State, 554 So.2d 1226 (Fla. 2d DCA 1990).
WIGGINTON and WOLF, JJ., concur.
NOTES
[1] § 322.055(1), Fla. Stat. (1991), provides:

(1) Notwithstanding the provisions of s. 322.28, upon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluation agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services. However, the court may, in its sound discretion, direct the department to issue a license for driving privileges restricted to business or employment purposes only, as defined by s. 322.271, if the person is otherwise qualified for such a license.