SCHWARTZ, Associate Judge.
Following our reversal of his conviction in Pottgen v. State, 589 So.2d 390 (Fla. 1st DCA 1991), Pottgen was again found guilty of disturbing the contents of a grave and now appeals from the resulting adjudication and sentence. We find no reversible error in any of the three evidentiary points presented.[1]
In accordance with the previous opinion, 589 So.2d at 391, the trial judge, upon the state’s pre-trial motion, made a specific finding that the witness Fred Day, who disappeared after the first trial and whose testimony was therefore read into evidence at the second under section 90.804(l)(e), Florida Statutes (1989), was adverse to the state[2] for the purpose of admitting his prior inconsistent statements pursuant to section 90.608(2), Florida Statutes (1989). While the appellant’s first point claims error in this ruling, none of the arguments made below are pressed here and none of those raised on appeal were presented to the trial court. Because this is true, they are not even cognizable on appeal. Steinkorst v. State, 412 So.2d 332 (Fla.1982); Jones v. State, 452 So.2d 643 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 116 (Fla.1985). In any event, our consideration of the issue, undertaken in an abundance of caution, reveals no error. See Pottgen 589 So.2d at 392; Wolcoff v. State, 576 So.2d 726 (Fla. 4th DCA), rev. denied, 583 So.2d 1038 (Fla.1991); Jackson v. State, 575 So.2d 181 (Fla.1991).
Second, there is nothing at all to the claim — which concerns .the state’s star witness, Rose Charland, who was also unavailable for retrial — that the admission of her former testimony in acknowledged conformity with section 90.804(l)(e) and the United States Constitution, somehow violated the confrontation clause of the Florida Constitution, article I, section 16. See Putnal v. State, 56 Fla. 86, 47 So. 864 (1908).
Finally, Pottgen complains that the state’s cross-examination of a defense witness erroneously implied that he had committed an offense of which the prosecutor had no direct evidence.[3] See State v. Castillo, 486 So.2d 565, 565-66 (Fla.1986). It must be noted that the defendant untimely objected only after the entire series of questions was both asked and answered. See Schley v. State, 48 Fla. 53, 37 So. 518 *1127 (1904). More important, the inquiry in question — even if arguendo improper — was surely “not so serious in the context of the case as a whole to vitiate the entire trial,” Gonzalez v. State, 511 So.2d 703, 704 (Fla. 3d DCA 1987), and thus require a mistrial, as the defendant sought below, or a new trial, as he demands here. See Duest v. State, 462 So.2d 446 (Fla.1985); Palmer v. State, 486 So.2d 22 (Fla. 1st DCA 1986). As the trial judge correctly indicated on the spot, the issue was not a “problem that rises to a mistrial.” In the absence of a request for a curative instruction, which would have sufficed to repair the alleged damage, we may not reverse on this point. Duest, 462 So.2d at 448; Williams v. State, 443 So.2d 1053, 1054 (Fla. 1st DCA 1984); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 756 (Fla.1975).
Affirmed.
WIGGINTON and MICKLE, JJ., concur.

. The inflammatory videotape which occasioned the initial reversal was of course not shown at the second trial.

. We need not consider the effect of the fact that between the trials, section 90.608 was amended to eliminate the adversity requirement.

. Q [BY THE STATE] Now, you were playing with Mr. Pottgen and Mr. Womack this Dungeons and Dragons in December of 1989; were you not?
A [BY JAY SHELL] Yes, sir.
Q Have you ever photographed a grave?
A A grave?
Q Yes, sir.
A No, sir.
Q Specifically, let me show you State’s Exhibit No. 1 in evidence. Did you photograph this grave?
A No, sir.
Q I’m going to ask you a rather long question, Mr. Shell. I ask you to listen very carefully to the answer. Back in December of 1989, did you "go to Scott Cemetery off North 441 and photograph the grave of Glen Morgan, so that grave could be placed in a fashion that it was before the body was removed from it?
A No, sir.
[THE STATE]: I don’t have any other questions.