PER CURIAM.
Appellant, James Wilford Jones, appeals the judgment and sentence imposed pursuant to his no contest plea to two second-degree felonies, one count of purchase of cocaine and one count of sale of cocaine. Both cases were consolidated for purposes of this appeal. On the count of purchase of cocaine, appellant was sentenced to seven years’ incarceration with credit for 285 days followed by seven years’ probation. Conditions of probation include: payment of $10,000.00 fine; performance of 700 hours of community service through the Bay County Work Program; payment of $350.00 costs incurred in association with the community service. On the count of sale of cocaine, appellant was placed on fifteen years’ consecutive probation. Conditions of probation include: payment of $15,000.00 fine; performance of 1500 hours of community service through the Bay County Work Program; payment of $750 costs incurred in association with community service.
The public defender representing appellant filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In addition, appellant exercised his right to file a pro se brief. Regarding the latter, we find appellant’s points on appeal to be without merit. We do agree, however, with the conclusion reached in defense counsel’s Anders brief that the trial court erroneously imposed a $15,000.00 fine as a condition of probation on the sale of cocaine count, and erroneously assessed costs associated with community service as to both counts.
Section 775.083(l)(b), Florida Statutes (1991), provides that a fine imposed on a second-degree felony may not exceed $10,-000.00. Accordingly, we remand to the trial court with directions to reduce the $15,-000.00 fine, imposed as a condition of probation on the sale of cocaine count, to $10,000.00 or a lesser amount.
We also agree that there is no statutory authority for the assessment of $1,100.00 in costs associated with appellant’s participation in the Bay County Work Program. On remand, we direct the trial court to strike this condition from the probation orders as to both counts. See Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993) (on motion for rehearing). In all other respects, the judgment, sentence and probation orders are affirmed.
AFFIRMED in part, REVERSED and REMANDED with directions.
BOOTH, KAHN and MICKLE, JJ., concur.