JOANOS, Chief Judge.
Appellant, Charles V. Womack, Jr., appeals the judgment and sentence imposed upon his conviction after retrial. Appellant contends the sentence imposed after his successful appeal was harsher than the original sentence, and since the trial court did not give a reason for the increase, the North Carolina v. Pearce[1] presumption of vindictiveness was not dispelled. We conclude the sentencing disposition at resen- *1108 tencing was improper in the circumstances of this case.
An information filed June 20, 1990, charged that between the dates of December 1 to 31, 1989, appellant disturbed the contents of a grave. Appellant was convicted and sentenced to twenty-two months incarceration, to be followed by thirty-eight months of probation. On February 5, 1992, the conviction and sentence were reversed on the authority of Pottgen v. State, 589 So.2d 390 (Fla. 1st DCA 1991). See Womack v. State, 592 So.2d 388 (Fla. 1st DCA 1992). The Pottgen opinion reveals that one of appellant’s co-defendants was granted a new trial, due to the erroneous admission of a videotape graphically depicting the condition of the “decaying, animal-ravaged remains of a body lying in a wooded area.” 589 So.2d at 391.
Appellant was retried on April 27, 1992, and again was found guilty as charged of disturbing the contents of a grave. Appellant was adjudicated guilty, and, just as at the first sentencing, he was sentenced to serve twenty-two months in the custody of the Department of Corrections, to be followed by thirty-eight months of probation. However, in addition to incarceration and probation, at the resentencing, the trial court imposed a fine of $3,000.00, to be paid during the period of appellant’s probation. It is the $3,000.00 fine which has given rise to this appeal.
When a trial court imposes a harsher sentence at a second sentencing, the presumption of vindictiveness analyzed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), arises. The test or standard set forth in North Carolina v. Pearce asks whether the sentence has been enhanced after a successful appeal, and whether such enhancement was “motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights.” Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). See also Thicklin v. State, 599 So.2d 202, 204 (Fla. 1st DCA1992).
The vindictiveness presumption can be overcome if reasons for the harsher sentence affirmatively appear in the record. Those reasons must be based on objective information concerning the defendant’s identifiable conduct which occurred after the original sentencing. North Carolina v. Pearce, 395 U.S. at 726, 89 S.Ct. at 2081. In other words, where the trial judge relied on the same evidence as at the original sentencing, with no new objective information about the defendant’s subsequent conduct, imposition of a harsher sentence after a successful appeal could be a violation of due process. Wemett v. State, 567 So.2d 882, 886 (Fla.1990).
In decisions subsequent to North Carolina v. Pearce, the Supreme Court has reasoned that the vindictiveness presumption does not apply unless there is a reasonable likelihood of vindictiveness on the part of the sentencing authority. Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). Accord Wemett, 567 So.2d at 884. If the second sentencing is performed by the same judge whose error prompted the resentencing, the presumption of vindictiveness arises— due to the possible motive for self-vindication. Wemett, 567 So.2d at 885.
The imposition of a fine for the first time at a resentencing may or may not constitute an enhancement, depending upon the facts of the case. Morganti v. State, 573 So.2d 820 (Fla.1991); Thicklin, 599 So.2d at 204. In Morganti, the court held that the resentencing which involved imprisonment for 5½ years, probation for eighteen months, and a $10,000.00 first-time fine, did not constitute a more severe penalty than the original fifteen-year period of imprisonment.
A contra result obtained in Gibson v. State, 577 So.2d 1001 (Fla. 1st DCA1991). In Gibson, the trial judge asked the prosecutor what Gibson’s appeal cost the county, with the observation that Gibson “ought to pay the freight on it.” The judge then imposed two fines of $500.00, and further stated that the court was taking into account what the appeal had cost the county. On appeal, Gibson acknowledged that the fines were within the amount authorized by statute, but argued that if unconstitutional reasons are articulated for imposing a fine, *1109 reversal is required. This court agreed, and struck the fines with prejudice.
In the instant case, appellant’s conviction upon retrial was based upon much the same evidence as the first trial. That is, no evidence was introduced concerning appellant’s subsequent conduct which would justify a harsher sentence than the original sentence. Different judges were involved in the first and second trials and sentencings, precluding an inference that the imposition of a fine in connection with the sentence after retrial was motivated by self-vindication. Nevertheless, the record suggests the fine was imposed for the same improper reason as that disapproved in Gibson. The prosecutor in this case “requested] the court to assess a fine in order to recoup some of the costs of this very costly prosecution.”
The incarcerative and probationary terms imposed at appellant’s resentencing are identical to those imposed after the first trial. The only difference in the respective sentencing dispositions was the addition of a $3,000.00 fine. Since it appears this fine was imposed for a constitutionally impermissible reason, i.e., to recoup some of the state’s costs occasioned by appellant’s successful appeal, the fine must be stricken.
Accordingly, the $3,000.00 fine is stricken with prejudice. See Gibson. In all other respects, the judgment and sentence is affirmed.
ALLEN and MICKLE, JJ., concur.

. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).