PER CURIAM.
Appellant, Eddie Torres, Jr., pled nolo contendere to and was adjudicated guilty of five separate offenses, including one count of grand theft of a video camcorder and one count of dealing in the same stolen camcorder in case number 91-2037. On appeal, appellant argues that his dual convictions for theft and dealing in the same stolen property violate constitutional equal protection principles because under Section 812.025, Florida Statutes, defendants who elect to proceed to trial on these two offenses charged in the same information may be convicted of one or the other offense but not both, whereas, defendants such as appellant who enter pleas of nolo contendere or guilty can be convicted of both theft and dealing in the same stolen property.[1] Next, appellant argues that the trial court erred in imposing costs of $500.00 associated with appellant’s cost of supervision during the 1,000 hours of community service ordered by the trial court. We affirm appellant’s convictions but reverse the imposition of $500.00 in costs associated with community service.
First, appellant may not raise his equal protection claim unless such claim rises to the level of fundamental error, as appellant waived the right to a direct appeal by entry of his pleas. On the present facts, we find no fundamental error has occurred and decline to address the equal protection argument. Moreover, were we to address appellant’s equal protection claim, we would find appellant’s argument to be without merit for no state action deprived appellant of the benefit of Section 812.025. Rather, appellant obviously believed it to be in his best interest to voluntarily enter pleas to all the charges filed against him despite the fact that appellant’s pleas were not contingent upon a specific plea agreement.
The imposition of supervisory costs of $500.00 is hereby stricken as the maximum amount of such costs permitted by statute is $50.00, and appellant has already been assessed that amount. See Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993) (on motion for rehearing).
AFFIRMED in part, REVERSED in part.
BOOTH and MINER JJ„ and SHIVERS, Senior Judge, concur.

. See Brown v. State, 464 So.2d 193, 195 (Fla. 1st DCA 1985), afFd on other grounds, 487 So.2d 1073 (Fla. 1986), cert, denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 352 (1986).