620 So.2d 258 (1993)
Jeffrey Glen BLANCHETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2119.
District Court of Appeal of Florida, First District.
June 28, 1993.
*259 Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., for appellee.
KAHN, Judge.
On April 7, 1992, Mr. Blanchette entered into a written plea agreement concerning a pending charge of burglary in Bay County. The agreement called for Blanchette to plead no contest to the charge. A portion of paragraph 1 of the plea agreement provided, inter alia, the following terms: "court costs; up to $5,000 fine; public service work hrs. plus fee... ." Paragraph 10 of the plea agreement provided that Blanchette understood "that at sentencing the State, County and various agencies may seek assessment of costs against me pursuant to various statutes and ordinances... ." Pursuant to the plea, the trial judge entered an order which withheld adjudication of guilt and placed Blanchette on probation. As specific terms of probation, the order required the following: (1) payment of court costs in the amount of $229.00; (2) payment of $50.00 a month toward the cost of supervision; (3) payment of a fine in the amount of $2,000.00; (4) performance of 300 hours of public service work in the Bay County Work Program; and (5) payment to the Clerk of the Circuit Court of Bay County the sum of $150.00 "which is assessed as additional costs associated with your participation in the Bay County Work Program which said costs are assessed pursuant to Administrative Order 89-14." We strike the imposition of costs related to the Bay County Work Program, and certify a question to the Florida Supreme Court.
The state has pointed out to us that Blanchette pled no contest and agreed to public service work hours plus fees. Blanchette neither reserved the right to appeal, notwithstanding his no contest plea, nor did he in any manner raise below the propriety of the Bay County Work Program fees. The state expresses its concern that by reviewing on appeal unpreserved elements of a sentence arising out of a plea bargain, this court is allowing defendants to "have their cake and eat it too." The defense responds that the entire matter is controlled by this court's opinion on rehearing in Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993) (on rehearing), that the fees are illegal, and accordingly, they must be stricken. The state counters, that even if the defendant is permitted to raise the unpreserved issue, assessment of the fee is appropriate under our decision in Thicklin v. State, 599 So.2d 202 (Fla. 1st DCA 1992).
Blanchette correctly posits that sentencing errors may be raised on appeal, even if they were not objected to below. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984). A court cannot impose an illegal sentence pursuant to a plea bargain, nor may a defendant agree to an illegal sentence as part of that bargain. Williams v. State, 500 So.2d 501, 503 (Fla. 1986); Danzy v. State, 603 So.2d 1320, 1322 (Fla. 1st DCA 1992).[*] Thus, Blanchette has the *260 right to challenge the legality of his sentence in this appeal. We conclude that the work program costs are without legal basis, Martin, and that, in any event, the plea agreement in this case did not authorize imposition of these costs.
In Thicklin, supra, we upheld imposition of costs under the Bay County Work Program, because the defendant agreed that "Fines and costs shall be within the court's discretion." We construed such a provision contained in the plea agreement as an express agreement to pay fines and costs. 599 So.2d at 204-205. In Martin, supra, the court made no reference to Thicklin, and proceeded to address assessment of costs for participation in the Bay County Work Program which were imposed in connection with Martin's conviction for possession of cocaine and sale of cocaine. We observed that section 948.09(1), Florida Statutes (1991), authorizes the trial court to require a probationer to pay for the costs of supervision. We further acknowledged, that pursuant to section 948.51, Florida Statutes (1991), nonviolent offenders may be diverted from the state prison system and punished with community-based sanctions. We then noted:
An examination of section 948.51 reveals an absence of any provision which could be construed as authorizing the $500.00 assessed against appellant as additional costs for his participation in the Bay County Work Program. Rather, a reading of the statutory provision in its entirety evinces legislative intent that such community-based corrections programs shall be funded by the state, to be effected in part by the assessments authorized pursuant to section 948.09(1). This intent is evident when section 948.51 is read in pari materia with the section 948.09(1) provision that "[f]unds collected from felony offenders may be used to offset costs of the Department of Corrections associated with community supervision programs, subject to appropriation by the Legislature."
In other words, as appellant contends, there appears to be no statutory authority for the additional $500.00 assessed in this case for cost of supervision in the Bay County Work Program. Rather, section 948.09(1), limiting such assessment to no less than $40 and no more than $50 per month, seems to be the overall vehicle by which the Department of Corrections supplements legislative appropriations to fund its programs. In effect, the additional $500.00 which appellant was directed to pay constitutes an unauthorized double assessment for the same purpose.
618 So.2d at 740.
The characterization of the work program fee in Martin as "an unauthorized double assessment" indicates that the fee is illegal. This court has subsequently stricken the fee in Jones v. State, 617 So.2d 806 (Fla. 1st DCA 1993), King v. State, 618 So.2d 740 (Fla. 1st DCA 1993), and Torres v. State, 619 So.2d 502 (Fla. 1st DCA 1993). None of these cases mentions Thicklin, or indicates that the fee would have been affirmed had an appropriate plea agreement appeared in the record.
Even considering the plea agreement present in the instant case, however, we are unable to say that Martin should not control. First, Blanchette agreed to public service work hours plus fee, but he did not expressly agree to pay any more than the assessment allowed by section 948.09(1), as construed by this court in Martin. As a term of the order placing Blanchette on probation, as noted previously in this opinion, the judge required Blanchette to pay the state $50.00 per month toward the cost of supervision. Fifty dollars is the maximum monthly assessment allowed by the statute. In addition to the failure of the plea agreement to reflect an express stipulation to pay an amount over the statutory fee, paragraph 10 of the agreement provides that assessment of costs against Blanchette would be sought "pursuant to various statutes and ordinances." The work program fee is assessed pursuant to *261 a Bay County Administrative Order, which is addressed nowhere in Blanchette's plea agreement. The work program fee cannot stand.
In these days of budget shortfalls, we fully recognize the need of a county to seek alternative funding in order to offset the cost of a work program that keeps felony offenders out of the state prison system. We further recognize that both the prosecution and the defense need flexibility in fashioning appropriate plea agreements in order to expeditiously and fairly dispose of criminal cases that need not go to trial. Our disposition of this case is nonetheless controlled by existing case law. While the amount of money involved in the present case is small, the issue is undoubtedly important to the state, as well as to the various counties of Florida. Accordingly, we certify to the Supreme Court of Florida the following question of great public importance:
IS BAY COUNTY, FLORIDA, AUTHORIZED TO ESTABLISH PURSUANT TO ADMINISTRATIVE ORDER AN ASSESSMENT TO COVER COSTS ASSOCIATED WITH A PROBATIONER'S PARTICIPATION IN THE BAY COUNTY WORK PROGRAM?
ALLEN and WOLF, JJ., concur.
NOTES
[*] Where an illegal condition of probation is imposed pursuant to a plea bargain, the remedy may not be to simply strike the condition. Forbert v. State, 437 So.2d 1079 (Fla. 1983) (when a defendant believes that he has pled guilty to a legal sentence, but the sentence is not legal, the defendant should be allowed to withdraw the plea if he challenges the legality of the sentence, and the state has the option of accepting the plea with the sentence reduced to a legal term). See Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989); Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).