PER CURIAM.
In a brief filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 *828 L.Ed.2d 493 (1967), the appellant challenges the legality of fees imposed in connection with the Bay County Work Program. We recently held such fees invalid. See Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993); Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993). Although the State argues that the appellant’s remedy in this case is to have her plea of nolo contendere withdrawn, in Blanchette we merely struck the work program fee because the defendant did not “expressly agree to pay any more than the assessment allowed by section 948.09(1)[, Florida Statutes (1991)].” 620 So.2d at 260; compare, e.g. Forbert v. State, 437 So.2d 1079 (Fla.1983) (defendant who pled guilty and agreed to imposition of a specific sentence which he mistakenly understood to be legal should have been given the opportunity to withdraw his plea when later challenging the legality of the sentence, subject to the state’s option of holding the defendant to his original plea with the sentence reduced to a legal term). The instant case is indistinguishable from Blanchette. Accordingly, we strike the imposition of costs related to the Bay County Work Program and certify the same question of great public importance certified in Blanchette.
ALLEN, WOLF and KAHN, JJ., concur.