PER CURIAM.
Appellant’s judgments of conviction, the 30-month prison sentence, and the reinstatement of the 10-year probationary period are affirmed. However, the requirement that appellant pay $50.00 to the Crimes Compensation Trust Fund must be modified to reflect an amount of $20.00, as authorized by section 960.20, Florida Statutes (1989).[1] In addition, the assessment of $200.00 as an additional cost associated with appellant’s participation in the Bay County Work Program must be stricken. See Wheatley v. State, 629 So.2d 896 (Fla. 1st DCA 1993); Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993); Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993). See also Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA), review denied, 640 So.2d 1109 (Fla.1994). Finally, appellant must be awarded credit for the time served on probation in circuit court case 91-1250 against the consecutive 10-year period of probation which was reinstated after revocation of the original probation. Williams v. State, 629 So.2d 174, 176 (Fla. 2d DCA 1993), review denied, 642 So.2d 748 (Fla.1994); Summers v. State, 625 So.2d 876, 879 (Fla. 2d DCA 1993) (en banc), approved by 642 So.2d 742 (Fla.1994).
Accordingly, this cause is remanded with directions to reduce the Crimes Compensation Trust Fund assessment to $20.00; to strike the $200.00 assessment of costs for participation in the Bay County Work Program; and to credit the probationary term imposed in circuit court case 91-1250 with time initially served on probation for this conviction.
JOANOS, LAWRENCE and BENTON, JJ., concur.

. Appellant’s offenses were committed in 1990, before the effective date of the amendment increasing the assessment to $50.00. Ch. 92-107, § 13, Laws of Fla.