THREADGILL, Chief Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we review the resentenc-ing of the appellant, Gregory Everett, after remand, as to four counts of committing a lewd and lascivious act upon a child. See Everette v. State, 640 So.2d 119 (Fla. 2d DCA 1994). While Everett’s new sentence is otherwise lawful, we conclude that its duration— including incarceration and probation — im-permissibly exceeds the total duration of the sentence originally imposed. See Thicklin v. State, 599 So.2d 202 (Fla. 1st DCA 1992); Blackshear v. State, 531 So.2d 956 (Fla.1988); Beech v. State, 436 So.2d 82 (Fla.1983). We, therefore, once again reverse Everett’s sentence and remand for further proceedings.
We note that contrary to the trial court’s oral pronouncement, Everett’s written probation order reflects that the probationary terms imposed on counts two, three, and four in this instance are to run concurrently. If that were accurate, the sentencing scheme herein would be entirely proper. Since, however, the trial court orally pronounced at sentencing that the probationary terms imposed on counts three and four were to run consecutively to that imposed on count two, *973 the current sentence impermissibly exceeds the original by three years.
Accordingly, this cause is reversed and remanded for resentencing. Since the record reveals no remaining error, the case is affirmed in all other respects.
FRANK and LAZZARA, JJ., concur.