706 So.2d 925 (1998)
C.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04046.
District Court of Appeal of Florida, Second District.
February 20, 1998.
*926 James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
C.B. challenges the order adjudicating him delinquent and committing him to the Department of Juvenile Justice. Because the trial court failed to follow the requirements of sections 39.052(4) and 322.056, Florida Statutes (1995), we reverse and remand for a new disposition hearing.
Strict compliance with the statutory requirements is required in disposition hearings. See M.H. v. State, 621 So.2d 527 (Fla. 2d DCA 1993); R.G.S. v. State, 597 So.2d 816 (Fla. 2d DCA 1992). C.B. argues that the record does not show that the trial court considered a predisposition report as required by section 39.052(4)(a). The State argues that the trial court was in partial compliance with this section because the court adopted the recommendations of the predisposition report that were referenced at the disposition hearing. Although provided an opportunity to supplement the record with documentation to support this argument, the State failed to do so. Because the record on appeal does not contain the predisposition report nor did the trial court reference the report at the disposition hearing or in the disposition order, we are required to reverse. The trial court also erred by not considering the criteria set forth in section 39.052(4)(d) and by entering a single disposition order.
C.B. argues that, in addition to not complying with section 39.052(4), the trial court lacked the authority to suspend his driver's license for a period of eighteen months. The record does not support a suspension for any longer than six months. See § 322.056, Fla. Stat. (1995). Additionally, the trial court itself may not suspend a driver's license and must direct the Department of Highway Safety and Motor Vehicles to suspend any driving privileges. See Blair v. State, 554 So.2d 1226 (Fla. 2d DCA 1990).
Accordingly, we reverse and remand for a new disposition hearing. At the hearing, the court may reimpose the adjudication and commitment if it strictly follows the provisions of section 39.052(4) and also may direct the Department to suspend C.B.'s driving privileges pursuant to section 322.056.
Reversed and remanded.
ALTENBERND, A.C.J., and YOUNG, ROBERT A., Associate Judge, concur.