HALL, Judge.
The appellant, R.G.S., a juvenile, contends the trial court erred in committing him to the custody of the Department of Health and Rehabilitative Services (HRS) without making proper findings of fact in compliance with section 39.09(3)(e), Florida Statutes (1989). He also contends the trial court erred in imposing a general sentence of commitment against him for three separate offenses, rather than imposing a specific sentence for each offense. While we find no merit in either contention and affirm, we shall address the issue regarding compliance with section 39.09(3)(e).
R.G.S. has an extensive history of serious crime for his brief sixteen years. In the instant case, he was adjudicated guilty of one count of robbery with a firearm in violation of section 812.13, Florida Statutes (1989), and two counts of grand theft in violation of section 812.014, Florida Statutes (1990). At the time he committed these offenses, he was a runaway and was thus in violation of. community control imposed for other crimes he had previously committed.
At R.G.S.’s disposition hearing, HRS submitted a predisposition report. The report detailed R.G.S.’s vast criminal history of offenses such as burglary, trespassing, strong armed robbery, and grand theft auto. In recommending that R.G.S. be committed to the custody of HRS, the report stated:
[RGS] expresses remorse but continues to repeat [the] same type of offenses [sic]. His criminal record shows an increasing, progressive amount of deliberation and violence.
[RGS] has refused to avail himself to various counseling that has been offered on an outpatient basis throughout the community. [RGS] has been on Community Control under a suspended commitment during which time he has committed three new law violations for which he has been adjudicated, plus numerous others which the State Attorney’s Office has Nolle Prossed.
[RGS] does not learn from his mistakes, has not benefitted from outpatient counseling, and presents himself as a danger to the community.
In light of the information presented within this report, it is the recommendation of this counselor that said child be adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. Due to the fact that said child is currently in custody at the Lee County Jail for felony charges, it is the further recommendation of this counsel- or that said commitment be held in abeyance until said child’s release from the Lee County Jail. When and if the com *818 mitment goes into effect, the level should be High.
Accepting the above recommendation, the trial court ordered R.G.S. committed to the custody of HRS for an indeterminate period of time.
Section 39.09(3)(e) provides that once it is determined that a child should be committed, that “determination shall include a specific finding on reasons for the decision to adjudicate and to commit the child to the department.” It is R.G.S.’s contention that the trial court failed to make such a finding.
We agree that strict compliance with the provisions of section 39.09(3) is mandatory and that failure to do so results in reversible error. See T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983). Since, however, HRS sufficiently detailed the basis of its recommendation and the trial court specifically adopted that recommendation, we find such constitutes compliance with the statute.
Accordingly, we affirm the trial court.
RYDER, A.C.J., and ALVAREZ, F. DENNIS, Associate Judge, concur.