STONE, J.
We affirm T.N.’s commitment to the Department of Juvenile Justice (the department) -after entry of an open plea of guilty.
At the disposition hearing, where the department recommended a level six commitment, the trial judge listened to the child’s parents and considered a letter written by the victim. The court announced its ruling as follows:
Based on your plea then, I do adjudge that you are guilty as a delinquent child of aggravated battery. You are ordered committed to the Department of Juvenile Justice in a level six commitment program.
The court also entered a written order, which included the following pre-printed language:
4. Based upon the nature of the offense committed by the child; the child’s sophistication, maturity and past record and history; the needs of the child; protection of the community; and the further findings announced in open court, the child should be adjudicated delinquent and committed to the Department as hereinafter set forth.
The disposition order further ordered, by handwritten interlineation, that T.N. be placed in a level six program.
T.N. asserts that the trial court failed to state its findings, either orally or in writing, as a predicate for the adjudication and commitment as mandated by section 985.23, Florida Statutes.
Failure to make required findings before adjudication and commitment of a juvenile constitutes reversible error. See J.M. v. State, 692 So.2d 308 (Fla. 4th DCA 1997). In R.G.S. v. State, 597 So.2d 816 (Fla. 2d DCA 1992), applying section 39.09(3)(e), Florida Statutes, a predecessor to section 985.23 requiring findings on adjudication of delinquency and commitment to HRS, the court held that the trial court’s specific adoption of HRS’s detailed dispositional recommendation satisfied the statutory mandate. See id. See also A.F. v. State, 731 So.2d 851 (Fla. 4th DCA 1999). In A.F., where the trial court stated orally at sentencing, “I’m sorry, I don’t think it was an accident at all,” committed the child to a level six program, and, further, entered a written dispositional order which contained the same printed findings as included in paragraph four of the dispo-sitional order in this case, we found compliance with the statutory requirements of section 985.23. See id. We similarly hold, as in A.F., that the written findings entered by the trial judge were sufficient to meet the mandatory requirements and, accordingly, affirm T.N.’s commitment.
FARMER and SHAHOOD, JJ., concur.