PALMER, J.
L.R. appeals her delinquency adjudication, entered by the trial court based upon a finding that she committed a grand theft. Concluding that the State presented sufficient evidence to establish the elements of the offense and that the trial court set forth adequate findings to support its disposition, we affirm.
L.R. was charged with committing the crime of grand theft based upon an allegation that she stole another student’s violin at school. After the presentation of evidence at the adjudicatory hearing, the trial court found L.R. guilty as charged. When L.R. subsequently appeared before the trial court for disposition, the trial court rejected the Department of Juvenile Justice’s (DJJ) recommendation that L.R.’s adjudication be withheld and that she be sentenced to a diversionary program, and adjudicated her delinquent, sentencing her to a term of 60 days probation and 24 *876 hours of community service. The court also directed L.R. to participate in the Bridges program and Project Fast.
L.R. first contends that the trial court erred in concluding that the State’s evidence of value was sufficient to meet or exceed the statutory $300.00 threshold required to support a grand theft conviction.[1] We disagree.
During the adjudicatory hearing, the State presented the testimony of Deputy Spurlin, who stated that he had contacted the victim’s mother, and that she had told him that the violin was worth $600.00. An owner is generally presumed to be competent to testify to the value of her stolen property. Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983). The testimony of an owner, with knowledge of the property, as to his opinion of value is sufficient. Massey v. State, 575 So.2d 1372 (Fla. 4th DCA 1991). Absent any objection, the testimony concerning the value placed on the property by the victim’s mother was sufficient to sustain the State’s burden.[2]
L.R. also challenges her adjudication and disposition, arguing that the tidal court erred in rejecting DJJ’s recommendation that her adjudication be withheld and that she be placed in the Bridges diversionary program. However, since the trial court did specifically order L.R. to complete the Bridges program, her true complaint is that the trial court erred in adjudicating her delinquent instead of withholding adjudication as DJJ had recommended.
Section 985.228 of the Florida Statutes (2000) specifically authorizes the trial court to make the ultimate decision whether to withhold adjudication.[3] The statute also requires that, in circumstances where an adjudication is entered, the trial court must state briefly the facts upon which the adjudication was based. In issuing its written order explaining the reason why it rejected DJJ’s recommendation, the trial court stated, among other reasons, that L.R. had failed to comply with a previously ordered diversionary teen court program, and that it wished to order L.R. to perform community service hours as a condition of her probation. These reasons adequately explained the trial court’s decision to adjudicate L.R. delinquent.
AFFIRMED.
COBB and ORFINGER, JJ., concur.

. See § 812.014, Fla. Stat. (2000).

. L.R. did not object to the admission of this testimony or move to strike it, either on hearsay or competency grounds. Consequently, she waived such objections. See A.J. v. State, 826 So.2d 528 (Fla. 5th DCA 2002).

. Section 985.228 of the Florida Statutes (2000) provides, in pertinent part:
985.228. Adjudicatory hearings; withheld adjudications; orders of adjudication
(4) If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a probation program under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court....
(5) If the court finds that the child named in a petition has committed a delinquent act or violation of law, but elects not to proceed under subsection (4), it shall incorporate that finding in an order of adjudication of delinquency entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to deal with the child as adjudicated.