874 So.2d 688 (2004)
Y.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1132.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Y.J. was adjudicated delinquent and placed on probation for burglary of the girls' locker room at Plantation High School. Y.J. appeals the adjudication, contending that the trial court erred in denying her motions for judgment of acquittal and abused its discretion in adjudicating her delinquent without stating any facts to support its decision to adjudicate her instead of withholding adjudication.
We affirm the denial of the motions for judgment of acquittal, because the evidence presented at trial established a prima *689 facie case of burglary and supported the trial court's finding that Y.J. unlawfully entered the girls' locker room with the intent to commit a theft therein. Among the evidence presented at trial was testimony that Y.J. admitted to entering the locker room and to taking items from the lockers without permission.
We also affirm the trial court's decision to adjudicate Y.J. delinquent without making any specific findings for the adjudication. Although failure to make specific findings before adjudication and commitment of a juvenile is reversible error,[1] where the court, as here, merely adjudicates the child delinquent and places her on probation without committing her to the Department of Juvenile Justice, there is no statutory requirement for specific findings. See F.N. v. State, 745 So.2d 1149, 1151 (Fla. 4th DCA 1999). As we explained in F.N.:
[S]ection 985.23(3)(a), Florida Statutes (1999), did not require the trial court to make specific findings of its reasons for deciding to adjudicate the defendant to be delinquent. That subsection applies when a court determines "that the child should be adjudicated as having committed a delinquent act and should be committed to the [Department of Juvenile Justice]." Id. (emphasis added).
In urging reversal of the delinquency adjudication, Y.J. relies upon the fifth district's holding in L.R. v. State, 832 So.2d 875, 876 (Fla. 5th DCA 2002). There, the court, in applying section 985.228, Florida Statutes (2000), stated that "in circumstances where an adjudication is entered, the trial court must state briefly the facts upon which the adjudication was based." We, however, do not read section 985.228 to impose such a requirement.
The relevant portions of the statute are subsection (4), which provides for the withholding of adjudication, and subsection (5), which governs the entry of adjudication. These subsections provide, in pertinent part, as follows:
(4) If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a probation program under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court....
(5) If the court finds that the child named in a petition has committed a delinquent act or violation of law, but elects not to proceed under subsection (4), it shall incorporate that finding in an order of adjudication of delinquency entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to deal with the child as adjudicated.
(emphasis added)
We do not read subsection (5) as requiring the trial court to make findings for its decision to adjudicate the child delinquent. Instead, we interpret it as requiring the court to incorporate its finding that the child committed a delinquent act or violation of law into the order of adjudication, and to give a brief statement of the facts upon which it based its finding that the child committed a delinquent act or violation of law. In our view, the required factual findings relate to the court's determination *690 of guilt and not to its ultimate disposition on delinquency. We acknowledge conflict between the fifth district and our district on this issue.
For the reasons stated above, we affirm the adjudication of delinquency and disposition entered by the trial court.
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] See T.N. v. State, 786 So.2d 655 (Fla. 4th DCA 2001); J.M. v. State, 692 So.2d 308 (Fla. 4th DCA 1997).